Parker, C. J.
[After stating the pleadings, and the facts from the judge’s report of the trial.] The titles to both the lots being now united in the same person, no difficulty can arise about the wall hereafter, unless the plaintiff should himself choose to make one. His action is, however, probably founded upon the supposition, that, in his purchase of the defendant, he has paid for a wall, which he could not enjoy without extinguishing the title of Brown, and those claiming under him ; and that he ought to recover back that portion of the purchase-money, which was given in payment for that portion of the premises. And this would be just, if it should appear that the defendant conveyed to him what he had no title to, or, rather, as relates to the covenants declared on, what he was not seized of, and what he had no right to sell ; although he had, in such case, been himself deceived, and would be driven to his action against M,Neil, and M’Neil against Ruggles, who committed the first error, evén he supposing and believing that the several conveyances derived from him gave the grantees the property in the wall, which it was hts in-" tention to convey.
But we apprehend that this troublesome and expensive series of actions may all be avoided, and the plaintiff left in the full enjoyment of his rights, by an application of the principles of law to the conveyances and acts of the parties in this transaction.
It is manifest by the deed of Ruggles to McNeil, that, although he sold the lot by admeasurement, yet, that he intended that a permanent monument should be erected, which was to be a brick wáll he *413 •was about to build, up to which *the lot conveyed was to [*473] extend. Afterwards the intended monument was erected, but by accident a little removed from the line of admeasurement. As this wall was an essential part of the consideration in the exchange made with Sikes, and as he bought with a design to comply with his own contract with Sikes, it is very clear, that, had M’Neil immediately built upon the lot conveyed to him by Ruggles adjoining to this brick wall, Ruggles could have taken no exception to it, nor could he have maintained a writ of entry or an action of trespass against him ; for his deed would have estopped him to claim any thing beyond the wall so built. M'Neil, indeed, must be considered as having become lawfully seized, under his deed from Ruggles, of the lot limited on one side by the centre of the wall of Ruggles’s house ; because it was the intention of Ruggles so to grant to him ; and the monument referred to in the deed, although set up after the delivery, will conclude the grantor, even though it should not comport with the lines specified in the deed. Thus, if a deed of land should pass at a distance from the premises granted, and reference should be made to a stake and stones for the termination of one of the lines, no such monument actually existing ; and the parties should afterwards fairly erect such a monument, with intent to conform to the deed, we think the monument so placed would govern the extent, although not entirely coinciding with the line described in the deed.†
We are, therefore, of opinion that JW’JVeiZ was lawfully seized of the lot, so as to include one half of the wall, which Ruggles built for his use, and, being so seized, had a right to convey the same ; and of course the defendant became seized in like manner by the conveyance of «/If’JVHZ, and continued so seized until he parted with his title to the plaintiff. Whether this seizin was an indefeasible one or not is immaterial in the present action. But we are inclined to think that it could not be defeated by Ruggles, or by any person claiming under him. For by a conveyance of his other lot, on which the house was built by him, no right could pass * against JH’Neil or the defendant, to any thing of which [*474] he was disseized at the time ; and he might be estopped by his deed to claim for himself.
In this view of the subject, the plaintiff fails to support his action ; because no breach of the covenant declared on is proved. The defendant was seized when he made his deed, and therefore had a right to sell. If an eviction should afterwards take place, the *414 plaintiff would have his remedy upon his covenant of warranty. At present he is undisturbed ; and he is likely to remain so ; for he has purchased up the only title which could disturb him ; and there is upon the whole no probability that he paid any thing to extinguish the doubtful claim, which he supposes now to exist in Brown, who was the immediate grantee of Ruggles, of the lot which is thought to be encroached upon by the successive owners of the other lot.
The verdict returned for the plaintiff must be set aside, and a general verdict entered for the defendant, and judgment accordingly.

 Davis vs. Rainsford & al., 17 Mass. Rep. 212. — Vide Rockwell vs. Adams, 7 Cowen, 76.— Clarke & al. vs. Graham, 6 Wheat. 577. — Jackson vs. Hubble, 1 Cow. 613. — Schauber vs. Jackson, 2 Wend 14. — Hopburn & al. vs. Auld, 5 Crunch, 262. Quære, How can a paroi agreement, unless followed by great length of possession according to it, establish a boundary line between two parties, contrary to the express terms of t ie deeds under which they claim ?