Per Curiam.

It is manifest this case presents a question of boundary and not of title. There is no ground for claiming a title by adverse possession, for that cannot devest the title of the Commonwealth,[1] and evidence of the holding, if admissible at all, must be received as showing the construction of the grant.
The question is, whether the grant to Austin and Shears included the whole or a part of the land in controversy, and if a part, what part. This was left to the jury, and the demandant moves to set aside the verdict, because evidence, which was objected to at the trial, was improperly admitted.
The Court do not mean to intimate, that where the grant of the Commonwealth is definite in its terms and application, evidence aliunde is admissible to control it ; but where it is uncertain what land is intended, extrinsic evidence must be admitted. We think this a case proper for the admission of such evidence. The tenant claims under an ancient grant. The deed refers to no precise monuments. It refers to the grant to Williams, the west line of which was uncertain at that time, and to the grantees’ improvements, and to the north line of the grant to Drake. The situation and extent of the land could not be ascertained from this description, except by resorting to other evidence than the grant itself. We think all the deeds were rightly admitted. Those to Drake and Joseph and John Owen, made on the same day with the grant to Austin and Shears, were of the same *536 length of line, east and west, and any evidence which wrould show the west line of those grants would prove that of the land in question. The Court are all of opinion, that where it is proper to go into evidence aliunde, it is proper to consider contiguous grants. Evidence of a location at the time would show the land intended to pass, and in the case of Makepeace v. Bancroft, 12 Mass. R. 469, monuments erected soon after the grant, were admitted to be proved for the purpose of showing the extent and limits of the grant.[1] Whether the monuments were erected simultaneously or subsequently, would affect the weight, but not the nature of the evidence. The deed of Fellows to Benton, in 1777, was competent evidence, as it tended to settle the west line of the land in controversy. So the deed from Nathaniel to William Owen, of 1788, though it would have less weight, being later, is yet of some force, as referring to a monument previously established.
Evidence also was introduced, to show that in adjacent townships there was a tendency to overrun in the location of grants. We think this evidence was rightly admitted, for where lines are referred to, mathematical lines are not intended, but such as are used by people conversant with the business of surveying. The evidence of this description had reference to the town where this land is situated, or to a neighbouring town, and where probably the same surveyors were employed.
The next question is, whether the tenant is not estopped from setting up his title to this land, because in his petition to the legislature he considered that this land belonged to the Commonwealth. The instruction on this point was correct. The petition was not a technical estoppel, as it was not a record nor under seal. Estoppels are not to be favored. If the petition were fraudulent, the tenant could not set up a title against it; but the whole effect of it excludes any implication of fraud. He admitted that his boundary was doubtful, and he wanted a confirmation. A man may well say, I suppose I own land, but sooner than have a controversy with the government, I will *537 pay a sum of money to procure a confirmation of my title. The petition was at most but a strong admission of the tenant against his own title. To allow it to operate as an estoppel, would be making title to land depend upon parol evidence. A confession of a party as to boundary is strong evidence against him, and so it was put to the jury in the present case, and it was a question proper for their consideration.
The only remaining point regards the plea of disclaimer. Though technically, by a plea of nul disseisin the tenant makes claim to the land, yet it is only in regard to the action in which it is pleaded, and as against the party then demanding.
It would be carrying the technical rule too far, to give it operation in another case. When a man comes with a better title than the former demandant, the tenant may well plead a disclaimer as to him, though he had previously set up his right to the land, against the claim of another.

Judgment on the verdict.

 See Commonwealth v. Miltenberger, 7 Watts, 450.

 See Lerned v. Morrill, 2 N, Hamp R. 197; Kennebec Purchase v. Tiffany, 1 Greenleaf, 219; Waterman v. Johnson, 13 Pick. 267 ; Rockwell v. Adams, 6 Wendell, 469; Lush v. Druse, 4 Wendell, 313; Cults v. King, 5 Greenleaf, 482.