Shaw, C. J.
This was a complaint, under the mill acts, to obtain damage for flowing the complainant’s land. The respondents defended on the ground of a right to flow to the height proved, without payment of damage, under a deed *511 executed by the complainant jointly with her husband, Nathan White, during his lifetime, bearing date December 30th, 1828, granting such right to flow, to Joel Hunt, Luther Metcalf, Luther Metcalf, Jr., and Cephas Thayer, then owners of the mills, now belonging to the respondents, a release of the other three to Hunt, and a conveyance of the whole by Hunt to the respondents, March 27th, 1845.
The only question in this case arises upon the construction and legal operation of the deed of Nathan White and Polly his wife to Joel Hunt and others. It conveyed to them the right and privilege of having, maintaining and keeping up forever a dam across Charles river in Medway, as high as a hole drilled in a rock described, from the 10th of October to the 10th of April in each year, for winter flowing; and as high as a certain other hole under the first, drilled in the same rock, from the 10th of April to the 10th of October in each year, for summer flowing.
The evidence tended to show, that the upper hole, now found in the rock, was drilled at or about the time the deed was executed; but it appeared, that the lower hole found there, was drilled by direction of Joel Hunt and one of the respondents in 1847 or 1848, without notice to or knowledge of the complainant, before which time a disagreement had taken place between the parties, as to the right of the respondents to flow. This was offered in connexion with parol evidence tending to show, that the hole drilled in 1847, or 1848, was made at the point agreed on, when the deed was made in 1828. This court are of opinion, that the judge at nisi prius was correct, in holding that this hole, made under the circumstances proved, was no evidence of boundary.
It was not a monument, or visible object in the nature of a monument, to be regarded as proof. It did not exist when the deed was made, but first appeared nineteen years after. It was not done at or about the time of the execution of that deed, with a view to fix a point answering the call for that monument, or local fixed point. Blarney v. Rice, 20 Pick. 62. It was not done by the mutual act and consent of the parties to that deed, whilst they respectively held as thev *512 did when it was made, but after the grantees had all aliened, and without notice to the grantors. Makepeace v. Bancroft, 12 Mass. 469. It was done at the instance of the respondents, ex parte, by one who though an original grantee had become a stranger by alienation, and after a controversy had arisen about the height to which the dam gave a right to flow. It wants all the characteristics of a monument or visible mark, being the fixed mark referred to, and called for by the deed.
2. But the respondents further offered evidence to prove that the point, at which the hole was drilled was the place at which, at the time of the execution of the deed, it was agreed to be drilled.
If this was offered as evidence sufficient to warrant the drilling of the hole at that point, it has already been answered; otherwise, it must be relied on as establishing the respondents’ right, wholly independent of the monument or mark referred to in the deed, but relying on the agreement to that point, as a substitute for the hole, we think this evidence was rightly rejected. It would not establish a right within the deed, but a right depending on parol agreement, independent of it. It tended only to prove where it was intended that it should be, not where it was, or where it ever had been. And this, we think, suggests the true distinction. Parol evidence is perfectly competent to fix, identify, or locate any boundary or local object or mark called for by the deed, and then the deed adopts it, and gives it effect; but it presupposes the actual existence of the local object, then presently existing or placed there by the parties, as and for the monument or mark referred to in the deed. The entire absence of any monument or mark, to which the deed refers, is not a latent ambiguity; it is a failure in the application of the deed to the subject, of the same character as if the deed in that respect had been left a blank. We think the directions of the court were right.

Exceptions overruled.