JANE HARVEY *vs.* JAMES A. BYRNES.

A. B. conveyed to C. D. three adjacent lots of land for $1600; C. D. sold the middle lot to E. F. and afterwards conveyed to the plaintiff for $100 the eastern part of the third lot by deed describing the granted premises as bounded on the east by E. F.'s land and on the north and south by lines running to stakes and stones, "meaning to convey to" the plaintiff "one half of all that I now own of land conveyed to me by A. B., said land to be surveyed and the bounds set." The land was never surveyed, nor were bounds set. C. D. afterwards conveyed to the defendant the western part of the third lot by a warranty deed describing by metes and bounds the granted premises, which included more than half of the third lot. The plaintiff built and occupied a house on a part of the third lot east of the land covered by the description in the deed to the defendant. *Held, that*

the description of the premises conveyed to the plaintiff was so uncertain, that she could not maintain trespass for acts done by the defendant on any part of the land covered by the description in the deed to him.

TORT for breaking and entering the plaintiff's close in Springfield. At the trial in the superior court, before *Pitman*, J., it appeared that by deed dated July 8, 1864, William Hynes conveyed to Patrick Hynes, for $1600, the three lots of land marked A, B and C, on the plan copied in the margin; that by deed dated July 31, 1865, Patrick Hynes, in consideration of $100, conveyed to the plaintiff " a certain parcel of real estate situated on the south side of Cedar Street in Springfield, bounded and described as follows: Beginning at land of Julia A. Edwards, thence westerly on said Cedar Street to stake and stones, thence in a southerly direction to stake and stones in the southerly line of said lot, thence easterly to Julia A. Edwards's land, thence northerly on said Julia A. Edwards's land to place of beginning. Meaning to convey to said Jane one half of all that I now own of land conveyed to me by deed of William Hynes dated July 8, 1864, said land to be surveyed and the bounds set;" that on July 31, 1865, all that Patrick Hynes then owned of land conveyed to him by the deed of William Hynes, was lots A and C; that the area inclosed between Cedar Street on the north, Julia A. Edwards on the east, O. A. Seamans on the south, and the line marked "Line claimed by plaintiff" on the west, was equvalent to half of the sum of the lots A and C; that the area

O. A. Seamans.

inclosed between Cedar Street on the north, Julia A. Edwards
on the east, O. A. Seamans on the south, and the line marked
" Bisecting line " on the west, was equivalent to half of lot C;
that the plaintiff built in 1866, and since occupied, a house a few
feet east of the line marked " Line claimed by defendant," on lot
C, which lot was uninclosed ; that there were no stakes or stones
at the points referred to as such in the deed to the plaintiff,
at the time the deed was made, nor any other means of fixing
his western boundary except by measurement ; that no western
boundary had been established to which the parties to the suit
assented ; that Patrick Hynes, after the conveyance to the plain-
tiff, conveyed to Alley Hynes, by warranty deed, the westerly
portion of lot C, the easterly boundary of the granted prem-
ises being the line marked " Line claimed by defendant," and
Alley Hynes, by warranty deed, conveyed the same to the de-
fendant ; that the defendant did the acts alleged to be a tres-
pass, under said conveyance to him, on that part of lot C com-
prised between the line claimed by the plaintiff, and the line
claimed by the defendant ; and that no survey of the premises
was made by the plaintiff, nor any means taken to fix the location
of her line, till after the alleged acts of trespass.

Upon these facts the judge ruled that the action could not be
maintained in this form, directed a verdict for the defendant, and
by consent of the parties reported the case to this court for such
disposition thereof as should be proper.

*W. S. Green*, for the plaintiff.

*M. P. Knowlton*, for the defendant.

MORTON, J.    The plaintiff claims under a deed from Patrick
Hynes.    At the date of this deed Patrick Hynes owned two lots
on Cedar Street, one a rectangle, the other a triangle, separated
from each other by an intervening lot belonging to Julia A.
Edwards, and the deed conveys a portion of the triangular lot.
Both of these lots, together with the Edwards lot, were conveyed
to Patrick Hynes by deed of William Hynes dated July 8, 1864.
The deed to the plaintiff, after the description, contains this
clause, " meaning to convey to said Jane one half of all that I
now own of land conveyed to me by deed of William Hynes
dated July 8, 1864."

Construing this deed in the light of the location of the two lots, the considerations expressed in the deeds, and the situation of the parties, we have no doubt that the intention of the parties was that the deed to the plaintiff should convey one half of the triangular lot, and not a portion of that lot equal to one half of both lots.

But the deed to the plaintiff is so uncertain that it is impossible to lay out upon the land the lot intended to be conveyed. The easterly line is fixed with certainty ; but the deed does not fix the length of the northerly line on Cedar Street, or of the southerly line, either by existing monuments or by measurements. It is therefore impossible to ascertain where or in what direction the westerly line was intended to run. If the point at which either of these lines should terminate in its westerly end was fixed, the inference might be that the westerly line was to be run from that point to the other line in such a direction that it would give the plaintiff one half of the triangular lot. But the length of both lines is undetermined, and therefore it is impossible to ascertain the westerly line.

It is clear that, when the deed was made, the parties contemplated that the length of the northerly and southerly lines and the location of the westerly line, were to be determined by monuments thereafter to be erected. The deed provides that said land is " to be surveyed and the bounds set," there being no monument existing at the time. In this state of facts, if the parties had erected monuments, such monuments would govern the boundaries of the plaintiff's lot, although it might be less than one half of the triangular lot. *Makepeace* v. *Bancroft,* 12 Mass. 469. No monuments were erected by mutual agreement of the parties; but after the deed to the plaintiff Patrick Hynes conveyed by warranty deed, to Alley Hynes, the whole or a part of the remaining portion of the triangular lot, in which he fixed, as we understand by the report, the easterly line of the lot conveyed, by metes and bounds. He thus established monuments which as against him fixed the westerly line of the plaintiff's lot. Alley Hynes afterwards conveyed this lot to the defendant, who entered and occupied under his deed, up to the line thus established.

His acts of occupation under this deed constitute the alleged tres-pass. This line, if it is to be taken as the westerly line of the plaintiff, does not give her quite one half of the area of the triangular lot, and the question is whether she can maintain an action of tort in the nature of trespass *quare clausum* for these acts of the defendant. We are of opinion that she cannot.

Possession of the premises is indispensable to the maintenance of trespass *quare clausum*. *Shepard* v. *Pratt*, 15 Pick. 32. She had no possession of the *locus*, actual or constructive. Her deed was inoperative, for uncertainty, to fix any westerly line, and cannot be held, as against a *bonâ fide* purchaser, to convey any land westerly of the line established by her grantor. The ground taken by the plaintiff, that she was in possession of the premises before the alleged acts of trespass, cannot be sustained upon the facts. She had no actual possession of the *locus*, either by cultivating it, or inclosing it, or setting up bounds. Her westerly line was to be established by monuments subsequently to be put up, and until it was established she had no constructive possession beyond what she actually occupied. *Cook* v. *Rider*, 16 Pick. 186. 		*Judgment for the defendant.*