EXECUTRIX OF W. W. BROWNING v. J. ATKINSON.

1. DIVIDING LINE.—A dividing line fairly agreed upon, and marked out by the owners of adjoining tracts of land, will be conclusive upon both, and those claiming under them, as to the true locality of their dividing line, though it may subsequently, after long acquiescence, be ascertained to vary from the course called for in the deeds, under which the parties claimed prior to agreeing upon the line; and the rule is the same, whether the marked line be recognized and called for in a deed, or whether it be subsequently marked and established by the parties.

2. DIVIDING LINE — LONG ACQUIESCENCE.—A marked divisional line, found upon the ground in 1838, recognized as the divisional line by the original claimants of the adjacent tracts, and afterwards, for a series of years, by those claiming under them, though it may vary ten degrees, in a part of its length, from the course called for

in the deed, could not be regarded as having been established in error, in a suit begun in 1862, and could not at that late day be corrected.

3. PRACTICE—INTERVENOR.—A plaintiff who sues for land, the title to which is in an intervenor in the same suit, is not entitled to recover by reason of the fact that the petition of intervention united with plaintiff in the prayer, that title to the land might be decreed in plaintiff. No such effect can be given to such a plea; suits must be brought in the name of the party legally or equitably entitled.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

This suit, brought in 1862 by W. W. Browning, was before the Supreme Court at a former term. (37 Tex., 633.) A full statement of the pleadings and testimony is not deemed material to an understanding of the opinion.

In 1834, one Stephens sold to Elisha Roberts one third of a league of land, a portion of which is the land claimed by plaintiff. Afterwards, Stephens conveyed to different parties the rest of the league. The defendant, through mesne conveyances, had acquired, in 1857, title to a part of the rest of the league so conveyed by Stephens, and the controversy was as to the dividing line, plaintiff insisting that its locality must be ascertained by following the calls in the conveyance of title, and the defendant insisting that there was a plainly-marked line on the ground, which, though not agreeing with the calls in the title, was still the western boundary of the Roberts survey. The marked line was first seen in 1838, and though there appears to have been no witness who saw it run, there was testimony to the effect that it was recognized and known in the neighborhood as the dividing line between the land conveyed to Roberts and the remaining portion of the league, and seems, inferentially, to have been so treated by the former owners.

The title papers offered in evidence by plaintiff failed to show a conveyance to plaintiff of the strip in controversy between the marked line and the line as run by following course and distance, but showed that the title was in the inter-

venors, if in either. The intervenors, in February, 1871, filed their plea of intervention, as follows:

"W. W. Browning
       v.       } 3178.
Jethro Atkinson.

Suit pending in District
Court of Washington
county.

"And now comes James Daughtry, Edward Daughtry, and Josiah Daughtry, and Lenora Ross, who is joined by her husband, G. T. Ross, all residents of the county of Austin, in the State of Texas, and, under leave of the court, intervene in the above-entitled cause, and unite in the allegations, and in the prayer of the plaintiff's original and amended petition.

      (Signed)        "Sayles & Bassett,
                             *For Intervenors.*"

A jury was waived, and judgment rendered for the defendant, for costs, and establishing the divisional line between plaintiff and defendant, (describing it,) as claimed by defendant. No action regarding an appeal was taken by intervenors.

The case was argued with much ability on each side, but in view of the opinion, a full statement of the facts seems unnecessary.

*Sayles & Bassett*, for appellant, on the proposition that a call for a line marked will not control course and distance, cited Houston v. Pillow, 1 Yerg. R., 488; Martin v. Vance, 3 Head, (Tenn.,) 649; Borman v. Cox, Peck, (Tenn.,) 364; Jordan v. Payne, Id., 320. And it is only where lines are actually marked, that a call for them will control course and distance. (1 Dev. & Bat., 427; 14 Penn. St., 59; 6 Peters, 508; 4 Wheat., 444; 4 Cond. R., 501; 1 Bibb, 467; 4 McLean, 279; 1 Hayn, 22, 238, 376; 4 Serg. & R., 461; 12 Penn. St. R., 180.)

They also cited McCown v. Hill, 26 Tex., 359; Booth v. Strippleman, 26 Tex., 440; Hubert v. Bartlett, 9 Tex., 103; Anderson v. Stamps, 19 Tex., 464; Chinoweth v. Haskell, 3

Peters, 96; Preston *v.* Bowmar, 2 Bibb, 493; Shipp *v.* Miller, 2 Wheat., 316; (4 Cond., 135.)

We omit an exhaustive supplemental brief of appellant, devoted chiefly to a discussion of the doctrine of estoppel.

*Breedlove & Ewing*, for appellee, argued at length the facts of the case, and cited, as applicable to them, the following authorities: Hubert *v.* Bartlett, 9 Tex., 97, and 21 Tex., 20; Bolton *v.* Lann, 16 Tex., 96; George *v.* Thomas, 16 Tex., 74; Booth *v.* Upshur, 26 Tex., 70; Booth *v.* Strippleman, 26 Tex., 441; Stafford *v.* King, 30 Tex., 271.

They also insisted that unless the judgment was without evidence to support it, the court should not interfere with it; citing Bailey *v.* White, 13 Tex., 118; Gilliard *v.* Chessney, 13 Tex., 337; McFarland *v.* Hall, 17 Tex., 690.

GOULD, ASSOCIATE JUSTICE.—Appellant contends that course and distance are the controlling, and indeed, the only calls in the deed from Stevens to Roberts, and that to justify the adoption of a line varying from those calls, the evidence should show conclusively that the line adopted was not merely "reputed to be, but in fact was, the very line run and marked at the time" the deed was made. But certainly it is competent for the owners of contiguous lands to settle the line of division between them; and if Stevens and Roberts, after the deed was made, and at a time when the land was theirs, fairly agreed upon and marked out their dividing line, though that line be subsequently, after long acquiescence, ascertained to vary somewhat from the course of the deed, it will be conclusive upon them and those claiming under them. In the case of George *v.* Thomas, 16 Tex., 88, Justice Wheeler, delivering the opinion of the court, and speaking of the necessity of following the lines actually marked, as far as practicable, says: "And the rule is the same, whether the deed or conveyance refer for its boundaries to the marked lines or monuments, or they be afterwards

marked or established by the parties." (Waterman *v.* Johnson, 13 Pick., 267; Makepeace *v.* Bancroft, 12 Mass., 469; Davis *v.* Rainsford, 17 Mass., 212; Rockwell *v.* Adams, 6 Wend., 468; 7 Cowen, 761; Kellogg *v.* Smith, 7 Cush., 382; Lerned *v.* Morrill, 2 N. H., 198; Stone *v.* Clark, 1 Met., 378; 2 Wash. on Real Prop., 676, 2d ed; 1 Greenl. Ev., Redf. ed, sec. 301, note 2.)

In regard to the character of evidence necessary in cases like the present, it has been said that " acquiescence for a long time is evidence of an agreement to the lines." (Rockwell *v.* Adams, 6 Wend., 468.) In that case, Chief Justice Savage gives the following extract from the opinion of Justice Van Ness, in Jackson *v.* Ogden, 7 Johns., 245, as stating the rule of law correctly: " When two persons, already having a title, have settled the line of division between them, or where one having title has made an actual location, according to what he supposed to be his true line, and his neighbors have acquiesced in such location for a considerable length of time, the boundary thus established shall remain undisturbed." In the case of Bolton *v.* Lann, 16 Tex., 113, Justice Wheeler says : " It may be observed, however, that the acquiescence of the proprietors of adjoining lands is not unfrequently referred to and received as evidence to determine their boundaries. Prior possession is notice of the claim of the person in possession, to the purchaser of adjoining lands, and the case ought to be one of very clear right to warrant such purchaser in disturbing the boundaries adopted by the former proprietors, as evidenced by their express or tacit consent." Were it necessary, in order to dispose of the case to do so, we should hold that, under the evidence, the court might well have found that Roberts and Stevens had established the marked line as their division line; that this line had been acquiesced in for a series of years by those claiming under them, and that, notwithstanding the fact that this marked line, in a part of its length, varies, perhaps, as much as ten degrees from the course called for, the error is not such as can be

corrected at this late day. But we are of the opinion that the plaintiff has failed to show title. to the land which he claims. The field-notes of the land given in · the deeds to Browning, from the heirs of Anna Daughtry, and the testimony of the surveyor who made the partition between those heirs, make it plain that the land actually divided and actually conveyed by them did not include the strip of land in controversy. Clearly, the plaintiff failed to show title to the contested strip of land, unless the plea of intervention of Browning's vendors was sufficient to operate a conveyance of their rights. We know of no authority for giving such effect to that plea. Suits for land should be brought in the name of the party who has the legal or equitable title thereto, and the plaintiff in this case has failed to show title, either legal or equitable, to the land really in controversy. So far as the record shows, plaintiff is in possession of all the land to which her testator, Browning, acquired any right by the conveyances from the heirs of Anna Daughtry. This is a sufficient answer to his demand, without looking further. The judgment is accordingly affirmed.

AFFIRMED.