LLEWYLYN KNOWLES *vs.* L. D. GRISWOLD.

Suffolk. March 5, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Validity.

A contract in writing for the sale of certain lots on a plan in Melrose provided "that the exact location of said land may be changed or altered in connection with a possible lay-out of said parcel of land, to make the streets and ways correspond with the requirements of the Board of Survey of the City of Melrose. . . . that said . . . [seller] will, so far

as possible, arrange for the lay-out as shown upon said plan. Said premises are to be conveyed as soon as said plan and lay-out have been approved by the Board of Survey of the City of Melrose, by a good and sufficient warranty deed of the . . . [seller] conveying a good and clear title to the same free from all encumbrances." It appeared that the lots were bounded on one side by a street only partially constructed and on the other side by an unconstructed street, and that no lay-out plans had been filed by the seller with the board of survey. *Held*, that the contract could be rescinded because of uncertainty.

CONTRACT OR TORT with a declaration in two counts, the first count being in contract for $637.50, money had and received by the defendant to the plaintiff's use, and the second count being in tort for deceit. Writ in the Municipal Court of the City of Boston dated December 12, 1923.

Material facts found by the judge in the Municipal Court are described in the opinion. The defendant asked for the following rulings:

"14. The plaintiff has offered no evidence of any fact that entitles her to rescind the contract of sale.

"15. The contract of purchase and sale entered into between the parties to this action is not void or invalid because of any uncertainty contained therein.

"16. The provision in the contract entered into by the parties, whereby the exact location of said land might be changed or altered in connection with a possible lay-out of said parcel of land to make the streets correspond with the requirements of the board of survey of the city of Melrose did not make said contract uncertain and void.

"17. The provision in the contract referred to in the preceding request provides for a way and manner of ascertaining the exact location of the lot which the plaintiff was to purchase, and said contract is valid and binding upon the parties thereto.

"18. Upon all the evidence in the case the defendant has done all that he reasonably could do to arrange for the approval of the plans by the board of survey."

The judge ruled that the agreement failed for indefiniteness, denied the defendant's requests, found that there had been no fraudulent representations, and found for the plaintiff on the first count. The case was reported to the Appel-

late Division, who ordered the report dismissed. The defendant appealed.

*J. G. Bryer,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

SANDERSON, J. In this action the plaintiff seeks to recover money paid the defendant for real estate in Melrose, in accordance with the terms of a written agreement. The lots to be conveyed are described by metes and bounds and referred to as lots numbered sixty-five and sixty-six on a plan. The provisions of the agreement material to the question to be decided are: "It is understood and agreed by the parties hereto that the exact location of said land may be changed or altered in connection with a possible lay-out of said parcel of land, to make the streets and ways correspond with the requirements of the Board of Survey of the City of Melrose. It being understood that said Griswold will, so far as possible, arrange for the lay-out as shown upon said plan. Said premises are to be conveyed as soon as said plan and lay-out have been approved by the Board of Survey of the City of Melrose, by a good and sufficient warranty deed of the party of the first part, [Griswold] conveying a good and clear title to the same free from all encumbrances." Provision was then made for the return of all payments made under the agreement and the ending of all obligations thereunder if Griswold should be unable to give title or make conveyance "as above stipulated." The full purchase price was paid when the agreement was signed.

The judge of the Municipal Court found for the plaintiff on the ground that the agreement failed through indefiniteness, and reported the question to the Appellate Division of that court on the question whether certain requests for rulings should have been given. This report was dismissed by the Appellate Division and the defendant appealed. The only question argued on this appeal is, whether the alleged contract is void or unenforceable because of uncertainty or vagueness.

Damon Avenue is shown on the plan by which the sale was made as a street forty feet in width bounding on the west the lots referred to. It is only partially constructed and

the defendant owns and can grant the plaintiff an interest in but twenty feet of its width.  Highland Avenue, which is shown on the plan as the northerly boundary of the lots, has not been constructed.  No one can say what changes or alterations the board of survey may make in lots numbered sixty-five and sixty-six when they make the streets and ways correspond with their requirements.  Any alterations and changes may be made by that board without rendering the defendant liable to the plaintiff for breach of contract.  The defendant has filed no lay-out plans with the board of survey, and the agreement provides for a conveyance as soon "as said plan and lay-out have been approved by the Board of Survey."

It is essential to the existence of a contract that its nature and the extent of its obligations be certain.  *Cheney Bigelow Wire Works* v. *Sorrell,* 142 Mass. 442.  *Marble* v. *Standard Oil Co.* 169 Mass. 553.  ". . . the intention of the parties [to a deed] as expressed by all the terms of the grant is the true canon of interpretation."  *Abbott* v. *Frazier,* 240 Mass. 586, 593.  "If the description in a conveyance be so uncertain, that it cannot be known what estate was intended, the conveyance is void."  *Worthington* v. *Hylyer,* 4 Mass. 195, 205.  The description must be sufficiently definite to be the basis for an assessment of damages.  It must identify the land or afford the means of identifying it.  *Harvey* v. *Byrnes,* 107 Mass. 518.  *Sherer* v. *Trowbridge,* 135 Mass. 500.

In the case presented by the appeal it would be impossible to lay out on the land the boundaries of the lots to be conveyed, and the agreement is unenforceable because of uncertainty.

*Order dismissing report affirmed.*