JOSEPH S. KAUFMAN vs. KATHARINE P. LENNOX & others, executors.

Essex.　December 10, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, What constitutes.

A binding contract was not made by the acceptance of an offer in writing to give a lease of certain premises for a certain term at a certain rental, the lessee to assume and pay taxes and "to construct upon the premises a building containing five stores on the street front of the premises and a garage in the rear" with money to be furnished by the offeror, "such amount to be" $40,000 "to perhaps" $60,000, and the amount so advanced to be paid back over the period of twenty-five years, to be provided for in the lease, and to be secured by a good and sufficient bond of the offeree, satisfactory to the offeror; many provisions necessarily involved in the proposed undertaking were not set forth.

CONTRACT, with a declaration, as amended, described in the opinion. Writ dated August 3, 1926.

In the Superior Court, the defendants demurred. The demurrer was heard by *Lummus*, J., who caused to be entered an interlocutory order overruling it and reported the action for determination by this court.

*J. L. Hannan*, for the defendants.

*J. V. Phelan*, for the plaintiff, submitted a brief.

SANDERSON, J. This case comes up on report of a judge of the Superior Court after overruling a demurrer. The declaration alleged in substance that James T. Lennox, deceased, of whose estate the defendants are executors, executed and delivered to the plaintiff a written instrument under seal; that within sixty days after the date thereof the plaintiff accepted the same and tendered performance and was then and thereafter ready and willing to perform but that Lennox, though he had expressed himself as satisfied with the form of bond proposed by the plaintiff, and with the plans drawn by the plaintiff for the building referred to in the written instrument, then and thereafter refused to carry out

and perform the contract, whereby the plaintiff lost the bene-
fits of the contract and of the profits he would have received
if it had been performed, and was put to trouble and expense
in procuring the contract and preparing to carry it out.

The grounds of demurrer are that the written instrument
is too vague and uncertain in its terms to constitute the basis
of a contract; that it discloses that there was no mutuality
of obligation; that the agreement was not to be performed
within one year from the making thereof, and there was no
sufficient written memorandum signed by the person to be
charged, as required by G. L. c. 259.

The memorandum appeared to be in the form of an offer,
by Lennox, to remain open sixty days. The plaintiff de-
clared upon this offer and his acceptance thereof as contain-
ing the essential terms of a completed contract, for breach
of which he seeks to recover damages. To support this
action, therefore, the written memorandum must set forth
all the material rights and obligations of both parties, in
order to constitute a binding contract when accepted by the
plaintiff. His case is not strengthened by the allegation as
to the expression of satisfaction by Lennox with a form of
bond and plans for the building. "It is essential to the
existence of a contract that its nature and the extent of its
obligations be certain." *Knowles* v. *Griswold,* 252 Mass.
172, 175. The written offer was to give a lease, specifying
the premises to be covered by the proposed lease, the term,
the rental, and that the lessee is to assume and pay taxes.
It stated that the lessee "is to construct upon the premises
a building containing five stores on the street front of the
premises and a garage in the rear," with money to be fur-
nished by the defendants' testator, "such amount to be
Forty Thousand dollars to perhaps Sixty Thousand dollars,
($60,000)." The amount so advanced was to be paid back
over the period of twenty-five years, provided for in the
lease, and was to be secured by a good and sufficient bond of
Joseph S. Kaufman, satisfactory to James T. Lennox.

This memorandum of agreement which, the plaintiff con-
tends, ripened into a contract binding upon both parties by
his acceptance, does not set forth all the material terms,

conditions, and obligations necessarily involved in the proposed undertaking.   It left open for future determination the name of the lessee, the time when the term of the lease was to begin, when rent was to begin and how it was to be paid, and other matters often provided for in long-term leases. The memorandum does not specify the size, height, or class of construction of the proposed building, the kind of material to be used, when construction was to commence, and when it was to be completed.   The amount of money which the defendant was to advance is likewise left indefinite, as are other matters relating to the time of its advancement and repayment.   The terms and conditions of the bond to be furnished by Kaufman were also left uncertain in the memorandum.

All the points mentioned, and perhaps others, would have to be settled and agreed upon before the parties would know their respective rights and obligations.   Many of the essential terms necessarily involved in the proposed undertaking are not set forth and without them no enforceable contract is shown.   It seems to be a case "of an imperfect negotiation, and not a completed contract."   *Lyman* v. *Robinson*, 14 Allen, 242, 252.   *Sibley* v. *Felton*, 156 Mass. 273.   *Hampden Railroad* v. *Boston & Maine Railroad*, 233 Mass. 411. Other grounds of demurrer need not be considered.   There is nothing in the cases of *Freeland* v. *Ritz*, 154 Mass. 257, and *Diebold Safe & Lock Co.* v. *Morse*, 234 Mass. 17, inconsistent with the conclusion here reached.   The order overruling the demurrer is reversed, and an order is to be entered sustaining the demurrer.

*So ordered.*