Sanborn, J.
This is an action of contract for rent, the first count alleging it to be due under a lease that was renewed by agreement, the second count alleging it to be due under an agreement for a lease. The defendant pleaded a general denial, payment, Statute of Frauds, and release and waiver by the plaintiff.
The facts are as follows: — On September 3, 1935, the plaintiff leased to the defendant certain property for a term of one year, the lease providing among other things the lessors were to make all necessary repairs, the lessee to have an option to renew the lease for another year upon giving a certain notice, and to also have an option to purchase the property. On June 25, 1936, the defendant notified the plaintiffs that he did not wish to exercise his option *106 to renew the lease, but he did offer to lease the property if the rentals were reduced. None of the other terms of the original lease were referred to. The plaintiffs refused to agree to a lease at a lower rental as suggested by the defendant, but on August 18, after some further consideration, the plaintiffs offered to draw up a lease for one year from October 1,1936, at the same rental as previously paid by the defendant, but with payments to be made on a monthly basis instead of quarterly. This offer was accepted by the defendant by telegram dated September 14. Thereafter, the plaintiffs mailed to the defendant in duplicate a lease of the premises, which did not provide for repairs to be made by the lessors, nor did it include any option to the lessee to renew the lease or purchase the property, all of which were included in the original lease. It did provide for a change in the payment of the rent.
There was evidence that at the expiration of the original lease, the demised premises required repairs, and that upon notice from the defendant that repairs were needed, the plaintiffs made the repairs. There was also testimony that at the time of making the original lease, the parties entered into a collateral agreement permitting the defendant to remove certain oil burning equipment from the demised premises at the expiration of the lease, but there was no reference to this agreement in either lease.
The defendant continued to occupy the premises, but did not sign the lease, nor did he make known any objection to the terms of the lease. Late in October, or early in November, the plaintiffs asked the defendant about the lease, and the latter replied that his wife was away and upon her return, he would talk with the plaintiffs. Later in November, the parties talked by telephone and made an appointment to see each other. This appointment the defendant failed to keep.
*107 The defendant paid the rent for October, November and December and January, monthly in advance. On December 21, 1936, the defendant for the first time notified the plaintiffs that he had occupied the premises as a tenant at will and that he would vacate the same on January 31.
This action was brought to recover the amount of rent that would be due at the agreed rental of $62.50 a month for the period from February 1,1937 to July 15,1937.
The defendant testified that he had refused to sign the new lease because it did not contain the provisions regarding renewal and purchase as set forth in the prior lease, and also because there was no provision regarding the removal of the oil burning equipment.
The Court found there had been an agreement between the parties for a lease, and ruled that the defendant was liable for the damages caused by his failure to enter into a written lease, and made a finding for the plaintiffs.
The plaintiff filed seven and the defendant fifteen requests for rulings. The questions of law here presented by the rulings of the trial Court upon those requests are as follows:
1. Did the parties enter into a completed contract for a lease, or was this a case of imperfect negotiation, because the above mentioned provisions were omitted from the lease tendered.
2. Was there a sufficient memorandum or note in writing signed by the defendant or by any person authorized by him, to satisfy the Statute of Frauds.
3. Did the acceptance of the monthly rental for four months after the expiration of the first lease, constitute a waiver or release by the plaintiffs of any rights arising out of the alleged agreement for a lease.
*108 4. Was the defendant during that period a tenant at will who could relieve himself from liability to the plaintiffs by giving the notice required for the termination of a tenancy at will.
The Court found there was an agreement between the parties for a lease. Was this finding of fact warranted by the evidence? The omission of any provision for the removal of oil burning apparatus may be dismissed from consideration as any indication the parties had or had not agreed upon the form of lease. Such a provision was not contained in the first lease. The defendant had seen fit to make that the subject matter of a separate collateral agreement. The option to purchase permitted the defendant by the first lease had not been exercised. The option to renew the first lease, the defendant had expressly declined to exercise by notice to the plaintiffs on June 25, 1936. The defendant, however, did desire to continue to occupy the premises and offered to take a lease if the rental was reduced. The plaintiff declined, but about the middle of August 1936, offered to lease the premises for one year at the same rental as before and it was agreed this should be paid monthly. This offer was accepted by telegram and leases in duplicate were sent to the defendant who neither returned them to the plaintiffs, nor ever made known to the plaintiffs any objection to any of the terms contained in them.
A lease involves a mutual agreement. Whether it was for one or the other to produce a draft of a lease for the other’s consideration is immaterial. It was the duty of each to do enough to show his readiness to perform his part of the undertaking. If he objected to the form of lease submitted to him, the defendant should have made specific objections and this he failed to do, (Sargent vs. Adams, 3 Gray 72) but continued to occupy the premises and to pay the rent according to the terms agreed upon.
*109 We are of the opinion the trial Court was warranted in finding as a fact the parties entered into an agreement for a lease and that the defendant had failed to fulfill his part of the undertaking.
The defendant contends there was an insufficient memorandum to satisfy the Statute of Frauds. A memorandum under the Statute must, by its own terms, or by reference to some other writing, express with reasonable certainty all the conditions and essential elements- of the bargain. It must be sufficiently complete and definite as to be an enforceable agreement either in equity for specific performance, or by an action at law for damages. Nickerson vs. Bridges, 216 Mass. 416, Knowles vs. Griswold, 252 Mass. 172-175, Kaufman vs. Lennox, 265 Mass. 487.
The names of the parties, the premises to be leased, the term of the lease, and the rental to be paid, were definitely set forth. The contention that essential provisions were omitted because the options to renew and to purchase, were not set forth, is untenable in view of the finding of fact that the parties made an agreement to execute a lease which did not contain such terms.
The defendant further contends that by accepting monthly payments of rent without protest and without requiring the delivery of the signed lease, the plaintiff waived any agreement for a new lease. The evidence does not warrant that inference. The plaintiffs’ offer of a lease was made August 18. It was accepted by a telegram dated September 14. Leases in duplicate were thereafter sent the defendant. In late October or early November, the plaintiffs not having received the leases back, asked the defendant for them, and the only excuse given by the defendant for not signing and returning one copy of the lease was that his wife had mislaid the copies, and she was then away. Later in November, the plaintiffs again asked the defendant about *110 the leases, and the latter made an appointment with the plaintiffs which he did not keep. On December 21, the defendant gave notice of his intention to quit on January 31. These facts would indicate that instead of waiving their rights under the agreement for a lease, the plaintiffs were at all times seeking to have the defendant perform, by actually signing the lease.
It is argued that the defendant was a tenant at will while occupying the premises from October 1,1936 to January 31, 1937, and by giving the notice required to terminate a tenancy at will, he was thereafter under no further responsibility to the plaintiffs. We do not accept that view. The defendant’s status during that period is immaterial. His responsibility in this action is for failing to fulfill an agreement to take a lease, and he cannot relieve himself of that responsibility by a notice to quit.
The present action is described in the report as an action of contract for rent. A copy of the declaration is not set forth in the report. Inasmuch as there has been no contention that the pleadings do not warrant a finding for the plaintiffs for damages caused by the defendant’s failure to enter into the written lease, and the Court expressly found the defendant responsible for such damages, and fixed the amount, we assume the pleadings properly permit such a finding, and that the action is not one for rent as stated in the report.
There has been no error prejudicial to the defendant and this report is dismissed.