MARY B. HELD vs. JOHN F. ZAMPARELLI & others. March 2, 1982. In this action for an accounting and payment of profits due on an oral contract, the defendants moved to dismiss the plaintiff's amended complaint under Mass.R.Civ.P. 12(b)(6) and 56, 365 Mass. 755, 824 (1974). At the hearing on the motion, material in addition to the pleadings was before the judge, who entered a judgment under rule 12(b)(6). As it does not appear whether the judge excluded this material from his consideration in

---

[1] Anthony R. DeMeo vs. School Committee of Milton.

[2] An amendment to § 34 effected by St. 1981, c. 767, § 18, is not material.

allowing the motion to dismiss, "we treat the judgment of dismissal in so far as it may have been granted under rule 12(b)(6) as a summary judgment." *Mongeau* v. *Boutelle,* 10 Mass. App. Ct. 246, 247 (1980). See also *Woodbridge* v. *Worcester State Hosp.,* 384 Mass. 38, 39 n.4 (1981).

In her amended complaint and affidavit in opposition to the defendants' rule 56 motion, the plaintiff alleges: (1) that shortly before selling her land to the defendants for $125,000, she discovered that the defendants had negotiated to lease the property to the Commonwealth; (2) that the plaintiff confronted the defendants with her knowledge of the lease, but that she conveyed the land to them anyway in reliance on their oral promise that she could repurchase it at the same price; (3) that thereafter she desired to exercise her option, but the defendants orally promised her that if she would refrain from so doing, she "would be paid one-fourth of the profits from the operation of the premises"; (4) that she decided to accept their offer rather than seek a rescission of the conveyance of the realty to them; and (5) that the defendants have never paid her any of the profits. There is no showing in the plaintiff's complaint and affidavit that, other than subjectively, she ever gave up the purported option to have the     ·
property reconveyed. Even assuming the truth of these allegations, we view them as too vague and indefinite to be enforceable. "The difficulty here is that the [agreement] sued on is silent as to material matters important in its interpretation for the ascertainment of the obligations of the parties and the evidence of the circumstances surrounding its making is not such as to permit by inference the supplying of the lack. 'Many of the essential terms necessarily involved in the proposed undertaking are not set forth and without them no enforceable contract is shown.' *Kaufman* v. *Lennox,* 265 Mass. 487, 489 [1929], and cases cited." *Geo. W. Wilcox, Inc.* v. *Shell E. Petroleum Prod., Inc.,* 283 Mass. 383, 390 (1933). See *Caggiano* v. *Marchegiano,* 327 Mass. 574, 580 (1951). Compare *Cygan* v. *Megathlin,* 326 Mass. 732, 735-736 (1951); *Simons* v. *American Dry Ginger Ale Co.,* 335 Mass. 521, 525-526 (1957). The described agreement is silent on essential terms of the contract, such as, but scarcely limited to: when the plaintiff's share of the profits was to be computed and to be paid to her; the duration of the agreement under which she claims the right to a share of the profits; what was to occur if the property were sold; or what would be the plaintiff's responsibility should there be a claim against the owners of the property. See *Marble* v. *Standard Oil Co.,* 169 Mass. 553, 561 (1897). See also 1 Williston, Contracts §§ 45 & 47 (3d ed. 1957). Construction and enforcement of the agreement without these essential terms would be futile, see *Geo. W. Wilcox, Inc.* v. *Shell E. Petroleum Prod., Inc.,* 283 Mass. at 388, and we cannot supply these provisions without writing a contract for the parties which they themselves did not make. *Read* v. *McKeague,* 252 Mass. 162, 164 (1925). *Lucey* v. *Hero Intl. Corp.,* 361 Mass. 569, 574 (1972).

Because the plaintiff's action was properly dismissed on the basis that the contract was too vague and indefinite to be enforceable, we need not consider the defendants' alternative grounds in support of the judgment.

*Judgment affirmed.*

*John J. Russell* for the plaintiff.
*David Berman* for the defendants.