This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**

GIUSTI BAKING CO., INC. OF
NEW BEDFORD

vs.

H. Brian FLANDERS

No. 316

District Court/Bristol, ss.
Appellate Division/Southern District
Trial Court of the
Commonwealth of Massachusetts

February 14, 1983

**Leonard E. Perry,** counsel for Plaintiff.
**William P. Franzese,** counsel for Defendant.

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Orleans upon Report from the District Court Department, New Bedford Division and it is found and decided that there was no prejudicial error.

It is hereby

ORDERED: That the Clerk of the District Court Department, New Bedford Division make the following entry in said case on the docket of said Court, namely: Report Dismissed.

Date: February 14, 1983

**Robert A. Welsh, Presiding Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

Opinion filed herewith.

**Patricia D. Minotti, Clerk**

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Orleans upon Report from the District Court Department, New Bedford Division and it is found and decided that there was no prejudicial error.

It is hereby

ORDERED: That the Clerk of the District Court Department, New Bedford Division make the following entry in said case on the docket of said Court, namely: REPORT DISMISSED.

Date: February 14, 1983

**Robert A. Welsh, Jr.**
**Presiding Justice**
**Richard O. Staff, Justice**

**Charles E. Black, Justice**
Opinion filed herewith.
**Patricia D. Minotti, Clerk**

## OPINION

**Staff, J.** This is a contract action. There is no dispute as to the plaintiff's claim; the defendant admits the amount due as claimed by the plaintiff.

The issue in this case arises as a result of defendant's counterclaim in which the defendant, Flanders, claims that the plaintiff, Giusti, breached a certain contract.

The facts giving rise to the counterclaim are as follows:

The defendant, Flanders, purchased a bakery business in 1977 from a Clinton Hope who had a long-standing arrangement with the plaintiff, Giusti, for the supplying of bakery products to him. The arrangement was an oral one and was performed by Giusti by the delivery of bakery goods and by prompt payment of invoices by Hope.

When Hope sold the business to Flanders, both went to Giusti and it acknowledged in writing that it would carry on the same relationship with Flanders as it had with Hope.

For a period of two years Giusti supplied Flanders with bakery products and never formally complained to Flanders of improprieties or problems in the relationship.

After slightly more than two years of business dealings, an employee of Giusti telephoned Flanders and told him that their relationship was over and that the last delivery would be three days later. Giusti alleged that it terminated the arrangement because Flanders' sales had fallen off, in some cases as much as forty percent.

At the time of termination, Flanders also carried another similar product line although in a lesser quantity than that from Giusti.

Flanders claimed that it took him some months to replace the lost product line and that because of this he lost income and prospective income.

Flanders filed ten requests for rulings of which eight were denied. The thrust of his contention is that there existed a contract between the parties for Giusti to supply bakery products to Flanders and that Giusti breached its contract.

The trial judge in his special findings found that "the requisite contractual intent and contract formalities were not proven."

Before a court will enforce a contract it must determine what it is. Of course, we recognize that vagueness, indefiniteness and uncertainty are matters of degree and in general the function of the court is to determine, insofar as it is possible, the intention of the parties and to give legal effect thereto. See Corbin on Contracts (1963 Edition) sec. 95.

Even though the parties themselves consider that they have a contract, that contract must be articulated in a manner that may be understood so that the court can give effect to the terms of the contract. **Wilcox v. Shell,** 283 Mass. 383, 388 (1933). See also **Held v. Zamparelli,** 13 Mass. App. Ct. 957 (1982) and cases cited.

We have examined the report and we are unable to find the prerequisite words, factors, or circumstances that would compel the trier of fact to come to the conclusion that there existed a valid contract or even to warrant such a conclusion. As nearly as we can determine, Flanders and his predecessor simply purchased over an indefinite period of time, an indefinite amount of some of the product sold by Giusti with no compulsion on either side to buy or sell. An example, reducing Flanders' argument to an absurdity, would be a person who purchases cigarettes from the corner store over a period of years does not thereby acquire contractual rights with the store as a future source of cigarettes.

Perceiving no error we order that the report be dismissed and that the judgment be affirmed.

Robert A. Welsh, Jr.
Presiding Justice
Richard O. Staff, Justice
Charles E. Black, Justice