any certificate of registration of title that may be issued in connection therewith, shall contain a recital that it is without prejudice to the rights, if any, of the said Gaetano De Nicola.

Order modified, in accordance with opinion of THOMAS, J., and, as so modified, affirmed, without costs. All concur, except CARR, J., not voting.

---

### WILEY et al. v. KRASLOW CONST. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

BROKERS (§ 64*)—EXCHANGE OF LAND—RIGHT TO COMMISSION.

    Real estate brokers cannot recover for procuring a futile contract to exchange land, if they knew, on offering their services, that one of the other parties could not convey title.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 97; Dec. Dig. § 64.*]

Appeal from Municipal Court of New York.

Action by Milnor Wiley and another against the Kraslow Construction Company. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Meier Steinbrink, for appellant.
Gerard Roberts, for respondents.

HIRSCHBERG, P. J. The plaintiffs have recovered a judgment for commissions as brokers on the execution of a contract for the exchange of real estate. It is admitted in the brief presented on their behalf that, while a contract for the exchange of the real estate was signed by the respective parties, such exchange was never completed; the reason being that the contracting party, other than the defendant herein, had no title to the real estate. It appears that the plaintiffs, who were real estate brokers engaged in business in the borough of Brooklyn, called up the defendant on the telephone and asked if the defendant would exchange certain property owned by it with certain other real estate alleged by the plaintiffs to be owned by Mr. Nyman. The defendant agreed to make the exchange, and a contract was duly executed; but, as I have said, it was never carried out, for the reason that Mr. Nyman did not own the property which he agreed to give in exchange.

The respondents endeavor to uphold their judgment on the theory that they fulfilled the purpose of their employment completely when they procured the execution of a contract of exchange. Many cases are cited in support of their contention; but they need not be considered, inasmuch as none of them goes to the length of holding that where the brokers know that one of the contracting parties is without title, and conceals that fact from their employer, they can recover commissions. It must be assumed in this case that the brokers knew of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes⌐

that fact and concealed it; for evidence designed to prove that condition of affairs was excluded by the court, on the ground that it was immaterial. One of the plaintiffs, on cross-examination, was asked questions designed to elicit the fact referred to, and the evidence was excluded as immaterial. The evidence was as follows, referring to the real estate in question:

"Q. To whom did that belong? Do you know? Mr. Roberts: I object to that as incompetent, immaterial, and irrelevant—the contract has been signed. The Court: Why is it material as to— Mr. Steinbrink (interrupting): It may be if he knew it. The Court: I cannot see. Mr. Steinbrink: If he knew the party he was procuring did not own the property at the time? The Court: Yes, sir. Mr. Steinbrink: It would not be material. The Court: It don't seem to be so. Mr. Steinbrink: I take an exception."

It follows that the proposition on which the judgment appealed from depends is that a broker, knowing that an individual is not the owner of property and cannot convey title to it, may offer his services to the owner of other property to procure an exchange, and, if he succeeds in obtaining the execution of a contract to exchange, may recover commissions from the deluded party, without either a consummation or the possibility of a consummation of the futile contract. No authority is cited in support of this remarkable proposition.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.