### STACKELL v. HAYES et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

BROKERS (§ 63*)—EXCHANGE OF LAND—RIGHT TO COMMISSION.

    A broker could not recover commissions for having effected an exchange of land, where the third person procured did not have a good title, and the exclusion of testimony upon such a material issue was improper.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. § 63.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Stackell against George B. Hayes and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

George B. Hayes, of New York City (Isidor Niner, of New York City, of counsel), for appellants.

Harry Stackell, of New York City, for respondent.

---

GUY, J. Plaintiff sues to recover broker's commissions for services in bringing about an agreement to exchange real property of defendants for real property belonging to one Levine, another customer of plaintiff.

One of the defenses set up in the answer is that Levine did not have a good title to the property, which he agreed to exchange for that of the defendants, and was, therefore, not ready, able, and willing to convey. Defendants offered evidence in support of this allegation of the answer, which evidence was excluded under defendants' exception. The ability or inability of the proposed purchaser to convey a good title is a material issue in an action of this character (Norman v. Reuther, 25 Misc. Rep. 161, 163, 54 N. Y. Supp. 152; Wiley v. Kraslow Construction Co., 141 App. Div. 706, 708, 126 N. Y. Supp. 879), and the exclusion of such evidence was reversible error.

The judgment must therefore be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.