PUGH and another, Appellants, vs. CHRISTENSEN and others, Respondents.

*November 14, 1917—February 5, 1918.*

*Real-estate brokers: Right to commissions: Bad faith: Concealment of material fact.*

Where plaintiffs, real-estate brokers, in negotiating for defendant an exchange of properties and in inducing her to sign a contract therefor, intentionally concealed from her the fact that the other party to the contract would be unable to carry it out unless they secured for him a large loan upon defendant's property, with which to discharge incumbrances on the property which he was to convey to her, and because of their inability to secure such loan the contract was not consummated, such concealment of a material fact was an act of bad faith precluding a recovery by them of any commission from defendant.

APPEAL from a judgment of the circuit court for Waupaca county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This is an action by the plaintiffs, *Frank L. Pugh* and *Arthur W. Roegner,* real-estate brokers, to recover $750 which they allege is due them on a land-sale contract which they claim to have effected between the defendants *Carrie. Christensen* and *John* and *Jennie Kloeckner* as agents of *Carrie Christensen.*

The defendant *Carrie Christensen* desired to sell or exchange for other property a farm she owned in Waupaca county valued at $30,000. *Mrs. Christensen* agreed to pay the plaintiffs a commission of two and one-half per cent. on the value of the farm if they made a sale or exchange of the farm. For this purpose they introduced to her *John Kloeckner,* who contracted with her in writing for a purchase of the farm and the personal property therein described. The consideration *Kloeckner* agreed to pay to *Mrs. Christensen* for her farm was a flat building and a house and a lot in Oshkosh and certain land in Montana. The contract provided that *Kloeckner's* property must be free of all liens and

incumbrances and also included a penalty clause by which, if one party failed to fulfil his or her part of the contract within thirty days from the date of the contract, the other was to recover from the party defaulting the sum of $1,000. *Kloeckner* could not convey his property to *Mrs. Christensen* as he was unable to remove the incumbrance thereon. *Mrs. Christensen* began an action in the circuit court to recover $1,000 from the *Kloeckners* under the penalty clause of the contract. This action was settled by stipulation by which *Mrs. Christensen* received $300 to cover her expenses in the matter and a guaranty that *Kloeckner* would protect her against any claim for commission by the plaintiffs.

The defendants *John* and *Jennie Kloeckner* counterclaimed in this action, alleging that their inability to fulfil the terms of the contract between them and *Mrs. Christensen* was caused by the failure of the plaintiffs to secure for *Kloeckner* a loan of $15,000 for the purpose of paying the incumbrance on the property he had contracted to convey to *Mrs. Christensen.*

It appears, and the court found, that it was understood by the plaintiffs at the times they negotiated with *Kloeckner* to make the contract with *Mrs. Christensen* for the sale and exchange of these properties that *Kloeckner* could not execute the transfer of his property to consummate the deal with *Mrs. Christensen* pursuant to the written agreement negotiated by the plaintiffs for *Mrs. Christensen* unless *Kloeckner* secured a loan on the *Christensen* farm, within the thirty days specified in such contract, of $15,000 to pay the incumbrances on the properties he agreed to convey free and clear of all incumbrances, and that the plaintiffs agreed to secure such loan for him. This condition of the transaction the plaintiffs concealed from *Mrs. Christensen* while acting as agents for her in this matter. Their conduct as to this matter was manifestly pursued to induce *Mrs. Christensen* to make the contract with *Kloeckner* they proposed to her and

which she signed upon their solicitation and advice. There is no dispute in the evidence but that the plaintiffs failed to secure this loan for *Kloeckner* and that he, by reason of their failure, was not able to make the transfer as provided for in the written contract.

At the conclusion of the testimony both parties to the action moved the court for a directed verdict in the case in their favor upon all the issues raised by the pleadings.

The court granted the plaintiffs' motion dismissing the counterclaim of *Kloeckner* and the motion of *Mrs. Christensen* to direct a verdict in her favor and for judgment dismissing the complaint, and rendered judgment accordingly, awarding *Mrs. Christensen* recovery of her costs and disbursements in the action. The plaintiffs appeal from that part of the judgment dismissing their complaint and awarding *Mrs. Christensen* her costs and disbursements.

For the appellants there were briefs by *David C. Pinkerton,* attorney, and *Charles & Henry Barber* and *Frank B. Keefe,* of counsel, all of Oshkosh, and oral argument by *Mr. Keefe.*

For the respondents there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *John F. Kluwin.*

The following opinion was filed December 4, 1917:

SIEBECKER, J. The evidence abundantly supports the trial court in the conclusion that the plaintiffs were fully informed and understood that *Kloeckner* was unable to carry out the written contract he made with *Mrs. Christensen* through their agency for the exchange and transfer of properties as therein provided unless he secured a loan of $15,000 upon the *Christensen* farm to enable him to pay up the liens and incumbrances that existed against the property he contracted to convey to her. It sufficiently appears that the plaintiffs agreed to secure such loan for *Kloeckner* within

thirty days from the date of this contract and that the plaintiffs intentionally concealed from their principal, *Mrs. Christensen,* all knowledge of such loan to enable *Kloeckner* to carry out his contract with her. The materiality of the concealment of this matter pertaining to the deal negotiated by the plaintiffs for *Mrs. Christensen* is clearly shown by *Kloeckner's* inability to perform his part of the contract because neither he nor the plaintiffs were able to secure such loan for him to pay off the incumbrances against his property and convey it upon the terms agreed upon in payment of *Mrs. Christensen's* farm which she agreed to convey pursuant to the plaintiffs' negotiations as her agents. It was known to the plaintiffs that *Kloeckner's* failure to obtain such loan made it impossible for him to carry out the agreement they had made with him as agents of *Mrs. Christensen.* It is manifest that the final result of their agency proved wholly fruitless to *Mrs. Christensen* on this very account. Under such circumstances it cannot be said that the plaintiffs had honestly performed their obligations in securing the contract to be made between their principal, *Mrs. Christensen,* and *Kloeckner* for the exchange of properties. *Mrs. Christensen,* under the circumstances, had the right to rely on the plaintiffs' representation that they had secured a purchaser for her farm who was able to pay the consideration agreed upon by them for her. Plaintiffs' concealment from her of *Kloeckner's* inability to pay was an act of bad faith as her agents in the transaction and taints their agency in negotiating this sale of her farm. Such bad faith precludes them from recovering a commission as her agents in the transaction. The plaintiffs could not put off on *Mrs. Christensen* as their principal a purchaser of the farm who they knew was not able to carry out the agreement they made for her under the circumstances within their knowledge and thus entrap her to obligate herself to them for the commission they are suing for. The principle is well recognized by the courts that an

agent performing services of the nature the plaintiffs were rendering for . *Mrs. Christensen* is required to act in good faith in the discharge of his obligations and that his conduct in such transaction must be free from fraud or deceit or concealment from his principal. The record is clear that *Mrs. Christensen* acted upon the representation of the plaintiffs in accepting *Kloeckner* as a purchaser believing that he was ready, willing, and able to pay for the farm as specified in the written contract the plaintiffs had negotiated and asked her to sign. *Kloeckner's* inability to perform the contract is attributable to the failure of the plaintiffs to secure a purchaser ready and able to pay for the farm as they represented to her, and they have no standing in law to enforce payment of the commission for their services in the matter. *Burnham v. Upton,* 174 Mass. 408, 54 N. E. 873; *Payne v. Ponder,* 139 Ga. 283, 77 S. E. 32; *Lockwood v. Halsey,* 41 Kan. 166, 21 Pac. 98; *Coleman's Ex'r v. Meade,* 13 Bush (76 Ky.) 358; *Ketcham v. Axelson,* 160 Iowa, 456, 142 N. W. 62; 9 Corp. Jur. p. 566, § 67; *Wiley v. Kraslow C. Co.* 141 App. Div. 706, 126 N. Y. Supp. 879.

*By the Court.*—The part of the judgment appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on February 5, 1918.

OWEN, J., took no part.