CHARLES W. RICE & another *vs.* AMAZIAH MAYO.

In an action by a real estate broker on an agreement to pay him a commission upon the sale of an estate, the plaintiff contended that he was to have the commission whether the sale was effected by him or not, and the defendant contended that· the plaintiff was to have the commission only in case the sale was effected by him. *Held,* that the defendant could not introduce evidence that after the agreement with the plaintiff he promised another broker to pay him a commission to effect a sale.

A written contract for the purchase of an estate, binding both vendor and purchaser, is a sale within the meaning of an agreement to pay a commission to a broker upon sale of the estate.

CONTRACT on an alleged agreement that if the plaintiffs, who were real estate brokers, would endeavor to sell a parcel of land on State Street in Springfield, belonging to the defendant, for a certain sum, the defendant would pay them a commission of one per cent. on said sum, whenever the land should be sold, whether sold through the aid of the plaintiffs or not. Writ dated May 9, 1870.

At the trial in the superior court, before *Pitman,* J., Robert F. Hawkins was called as a witness by the plaintiffs, and produced the following writing signed by him and the defendant :

"Memorandum of agreement by and between R. F. Hawkins and Amaziah Mayo, this 5th day of April 1869, witnesseth : R. F. Hawkins hereby becomes the purchaser of the State Street property in Springfield belonging to said Mayo, for which he is to pay $20,000, $500 down and $4500 one year from date ; Mayo on his part hereby agreeing to give to said Hawkins a deed of said property whenever within one year he makes up the payments to $5000, and agrees to carry $15,000 on a mortgage on the property for a term of years at seven per cent. semi-annual interest. Hawkins is to take immediate possession, and is to pay all the taxes and insurance on the property to said Mayo, unti·

he takes his deed, and also agrees to pay quarterly to said Mayo a sum which will net said Mayo seven per cent. interest on the $20,000 purchase, until Hawkins takes his deed. The gas fixtures which Hawkins puts in shall be his own personal property in any event."

Hawkins testified that he paid the " $500 down " by a promissory note which was paid within the year, and that nothing more was paid within the year on the agreement or toward the price named therein ; that he never took a deed of the land, but that the defendant conveyed the land to Hawkins's wife by deed dated June 9, 1870, and that " the deed was made to my wife by my direction, and by Mayo's consent, and it was in fact my purchase." It was admitted that there was no sale of the land before this action was commenced, unless the facts testified to by Hawkins amounted to a sale.

The defendant testified that his contract with the plaintiffs was to pay them a commission only in case they brought him the customer to whom the place should be sold ; and for the purpose of showing that he did not make the contract alleged by the plaintiffs, he offered to prove that, after he made his contract with the plaintiffs, and before the bargain of April 5, 1869, he agreed with John Clark, a real estate broker, to pay him a commission of one per cent. on the price of the estate, if Clark should bring him a customer. But the judge excluded the evidence.

The defendant requested the judge to rule that no sale of the estate, within the meaning of the contract with the plaintiffs, was effected before the action was begun. But the judge refused so to rule, and ruled that there was evidence from which the jury might infer a sale within the meaning of the contract relied on by the plaintiffs.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*A. L. Soule*, for the defendant.

*M. P. Knowlton*, ( *G. M. Stearns* with him,) for the plaintiffs.

GRAY, J. If the agreement was as contended by the plaintiffs, they were entitled to a commission if they endeavored to sell the defendant's land, and a sale was afterwards effected, either

with or without the aid of the plaintiffs · and evidence that the defendant afterwards employed another broker to sell the land was immaterial, either upon the construction of such an agreement, or to prove what the agreement was. *Loud* v. *Hall*, 106 Mass. 404. A contract or memorandum in writing, binding both seller and purchaser, was a sale effected, within the meaning of the agreement on which the plaintiffs relied, although a formal deed had not been executed and delivered.

*Exceptions overruled.*