JUDGE COFEB
delivered the opinion oe the court.
John Coleman being the owner of valuable real estate situated in the city of Louisville, which he desired to sell, entered into an agreement with Gray.& Meade, real-estate brokers doing business in that city, to procure a purchaser of the property, for which he agreed to pay them $1,000.
They entered into negotiations with W. A. Meriwether for a sale of the property to him, but, being unable to bring the parties to an agreement, the brokers arranged for a personal interview between them, which was had, but did not result in an agreement.
Coleman then had prepared a written proposition containing' the terms upon which he would sell, and caused it to be delivered to the brokers, who procured Meriwether to accept it in-writing, thus completing what is conceded to have been a valid executory contract for the sale of the property.
The proposition thus accepted was returned to Coleman, for the purpose of having a conveyance prepared, and Meriwether directed his attorney to examine the title. The attorney reported some defects in the title, and they were cured by procuring releases from those as to whom the defects existed.
*361 The property was surveyed, and found to be a trifle less in quantity than was represented in the written proposal, which, by acceptance, had become the memorial of the contract. Coleman offered to make proper deduction for the deficit, but Meriwether declined to complete the purchase, and Coleman declined to take steps to compel specific performance.
The brokers then brought this action to recover the stipulated commission; and judgment.having been rendered in their favor, this appeal is prosecuted to reverse that judgment.
The law and facts were submitted to the court without the intervention of a jury, and every fact the evidence conduced to prove and which goes to support the judgment must be assumed to have been found by the court in favor of the brokers, and every fact as to which the evidence was conflicting, and which would render the judgment erroneous if found in favor of Coleman, must be assumed to have been found against him.
The principal points in the defense were—
1. That Meriwether, having refused to complete the purchase, never became a purchaser within the meaning of the contract between the parties.
2. That the brokers were not entitled to their commission even if Meriwether had been willing to perform the contract, because he was insolvent and unable to perform it.
Meriwether was bound by the executory contract, and Coleman might have enforced it if he had desired to do so. All the brokers had to do was to furnish an eligible purchaser, that is, a person ready and willing to enter into a contract to buy the property. It was for the principal then to decide whether the person presented was acceptable. If he accepted him he became a purchaser within the meaning of the contract, and the duties of the brokers were at an end, and their commission was earned as soon as an enforceable contract was executed. (Rice v. Mayo, 107 Mass. 550; Wharton on *362 Agency, sec. 328; Glentworth v. Luther, 21 Barb. 145; Short v. Miller, 68 Ill. 293.)
The evidence conduced to prove that Coleman had known Meriwether for twenty years, and had resided in the city with him for that time, and for a portion of the time on the same square; that Meriwether was, at the time of making the contract, the owner of a large amount of property, and was regarded by many persons as solvent and able to perform his contract with Coleman; that Coleman made inquiries, and was anxious to sell to him; and it failed to show any fraud or misrepresentation on the paif of Meriwether or of the broker's as to his financial ability. The contract contained no stipulation in respect to the ability of the purchaser to be procured. All the brokers undertook to do was to find a purchaser.
They found Meriwether and presented him; and thereafter negotiations were carried on with him with Coleman’s knowledge and approbation, and without any unfair practices oxx the part of either, he accepted him. They did not undertake ixx terms or by implication that Meriwether would perform the contract.
Counsel for the appellant cite and rely xvith coxxfidence on the case of McGavock v. Woodlief (20 Howard, S. C. 221) in suppox’t of their positioxx, that the broker does not become entitled to his commission until he fixxds a purchaser ready, willing, axxd able to comply with the terms of purchase. In that case the court said, “The broker must complete the sale; that is, he mxxst find a purchaser in a situatioxx axxd ready and willing to complete the pui-chase on the terms agreed on, before he is entitled to his commissions, then he will be entitled to them, though the vendor refuse to go on and perfect the sale.”
The facts in that case differed from the facts in this case in this, that there no valid enforceable contract was made between *363 the principal and the purchaser furnished by the broker. The terms on which the broker was to sell were never agreed to by the person produced, by him as a purchaser; but that person proposed a change in the terms as made by the owner of the property, and it did not appear that the proposed change had been assented to. It was i» discussing the question as presented by that state of fact that the court used the language supra.
The point upon which the decision in that case turned is not in this case, and there is no intimation that if the precise terms proposed by the owner of the property had been accepted, as was done in this case, and the owner had, without any fraud, concealment, or improper practice of the broker or the purchaser, accepted a purchaser furnished by the broker, the latter would not have been entitled to his commission.
Without reviewing the other cases cited by appellant’s counsel, we remark that while many of them contain substantially the same language as that employed in McGavock v. Woodlief, none of them, any more than that case, contravene the conclusion reached in this case.
The true doctrine we take to be this: The broker undertakes to furnish a purchaser, and is bound to act in good faith in presenting a person as such, and when one is presented the employer is not bound to accept him or to pay the commission, unless he is ready and able to perform the contract on his part according to the terms proposed; but if the principal accepts him, either upon the terms previously proposed or upon modified terms then agreed upon, and a valid contract is entered into between the principal and the person presented by the broker, the commission is earned. But if, as was the case in McGavock v. Woodlief, the principal rejects the purchaser, and the broker claims his commission, he must show not only that the person furnished was willing to accept the offer precisely as made, but, in addition, that he was an eligible purchaser, and *364 such as the principal was bound, as between himself and the broker, to accept.
Applying this test to the facts the court was authorized to find on the evidence in the cause, the judgment was right, and is affirmed.