HENRY B. WARD *vs.* ELIZABETH COBB.

Suffolk.     January 8, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale of Real Estate — Broker — Commissions.*

A real estate broker, after the terms of a sale between a would-be seller and buyer brought together by him were settled, agreed in case he should "effect a sale" to accept a limited commission for his services, and subsequently the parties signed a binding agreement of sale and purchase contingent upon the procuring of a certain release. Afterwards, solely because of the buyer's failure to pay as agreed, he was told that "the matter was at an end" by the seller, who retained forfeit money already paid to him. *Held,* that a sale was effected, and that the broker was entitled to his commissions.

CONTRACT for commissions on the sale of real estate for the defendant. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts, in substance as follows.

The plaintiff is a real estate broker, and the defendant the owner of real estate in Cambridge, which she desired to sell, and placed in the plaintiff's hands for that purpose. On August 2, 1887, the plaintiff received a card from the defendant, requesting him to call and see her, which he did, and on the next day communicated to the defendant an offer which he had received from Francis L. Brown, in consequence of which the defendant and Brown met at the plaintiff's office, on August 5 or 6, and agreed on terms of purchase and sale. The plaintiff never knew Brown until he came to him and made an offer for the property, and never inquired about his responsibility.

They again met on August 8, and a written agreement, drawn meanwhile by the plaintiff, was submitted to them for signature as agreed, which agreement the defendant took to show her attorney. On August 10, the plaintiff received a letter from the defendant's attorney, requesting him to call at the attorney's office, and there the plaintiff signed the contract declared on, which was as follows:

"Boston, Mass., Aug. 10, 1887. It is agreed that if Henry B. Ward, as broker, shall effect a sale of Elizabeth Cobb's estate, 855 Main Street, Cambridge, he shall receive a commission of two hundred dollars in full for his services."

Subsequently, the defendant and Brown signed an agreement in writing, dated August 16, 1887, which recited that the defendant "agrees to sell" and Brown agrees "to purchase" the real estate in question: "said premises are to be conveyed within fifteen days from this date by a good and sufficient warranty deed" of the defendant, "conveying a good and clear title to the same free from all incumbrances, except a mortgage held by the Massachusetts Hospital Life Insurance Company, . . . which mortgage . . . Brown agrees to assume and pay, and hold said Cobb harmless therefrom, but the deed is not to be delivered unless and until the Massachusetts Hospital Life Insurance Company releases said Cobb . . . from all liability on the said mortgage note"; and for such deed and conveyance Brown agreed to pay a certain sum "for the equity of said Cobb in said estate, over and above said mortgage, interest, and taxes, of which two hundred dollars have been paid this day," and the remainder was to be paid in cash upon the delivery of the

deed; "and the sum this day paid is to be forfeited to said Cobb if said Brown does not keep and perform this contract as above set forth." From August 10 the plaintiff had no communication with the defendant or Brown, until after the signing of the above agreement.

The defendant prepared and executed a deed of the premises, and placed it in the hands of her attorney to be delivered to Brown, in accordance with the terms of the above contract of purchase and sale. Brown was unable to perform his part of the agreement, and applied to the attorney on three several occasions for an extension of time, amounting in all to about two weeks and a half. The attorney, on each occasion, told Brown that he had lost his rights; but, while disclaiming authority to extend the time, stated that, if Brown would pay the money at the end of the time asked for, he would deliver to him the deed, unless otherwise instructed by the defendant. At the end of the two weeks and a half, the attorney met Brown, who made no further payment or tender, and told him the matter was at an end. The trade thereupon fell through, and the defendant retained the forfeit money, communicating the above facts to the plaintiff.

*S. J. Thomas*, for the plaintiff.

*A. Russ & D. A. Dorr*, for the defendant.

KNOWLTON, J. The question at issue in this case is whether the agreement entered into between the defendant and Francis L. Brown was a sale of the defendant's real estate, within the meaning of the contract declared on. The defendant's counsel do not contend that the words in the contract, "shall effect a sale," exclude from consideration former efforts of the plaintiff to sell the property, if those efforts finally resulted in a sale. Before the written contract between the plaintiff and the defendant was made, the plaintiff had agreed with Brown on the terms of a sale, and had drawn up and submitted to him a written contract, which the defendant had taken away to show to her attorney. If what the plaintiff had before done brought about a sale, he is entitled to the commission for which he sues.

The writing signed by the defendant and Brown was a contract of sale. It was not in the form required to pass the legal

title to the real estate, but it gave him an equitable right, and it bound her to make a conveyance, and him to take it and pay for it. Specific performance would have been decreed by a court of equity upon application by either of the parties. It was made subject to the contingency that the Massachusetts Hospital Life Insurance Company should consent to release the defendant from liability upon the mortgage note, and either party seeking to enforce it would have been obliged to show such consent; but there is nothing to indicate that the company was unwilling to release her, or that her conduct in relation to the contract was affected by this provision in it. Upon Brown's failure to make payment according to the terms of the contract, and upon the continuance of his delinquency for two and a half weeks, the defendant's attorney told him " the matter was at an end," and the defendant kept the two hundred dollars which had been paid, and voluntarily gave up her right to sue for the balance of the purchase money, or to obtain a decree for specific performance.

The defendant saw fit to make the sale upon fifteen days' credit, with no security for payment of the price, except the two hundred dollars which was given her when the contract was signed. The terms of sale were apparently satisfactory to her, — at least they were such as she chose to accept. It is a fair inference from the conduct of both parties, and especially from her retention of the two hundred dollars, that the contingency had happened upon which she had a right to enforce the contract. We are of opinion that a sale was effected, within the meaning of the agreement in relation to the plaintiff's commission. This conclusion is in accordance with many decisions in similar cases. *Rice* v. *Mayo,* 107 Mass. 550. *Chapin* v. *Bridges,* 116 Mass. 105. *Pearson* v. *Mason,* 120 Mass. 53, 57. *Desmond* v. *Stebbins,* 140 Mass. 339. *Veazie* v. *Parker,* 72 Maine, 443. *Coleman* v. *Meade,* 13 Bush, 358. *Love* v. *Miller,* 53 Ind. 294.

*Judgment affirmed.*