## DONOHUE v. FLANAGAN.

*(City Court of New York, General Term.* January 29, 1890.)

1. FACTORS AND BROKERS—REAL-ESTATE AGENTS—COMMISSIONS.

A real-estate broker who finds an acceptable purchaser, with whom the owner of the land enters into a written contract of sale, earns his brokerage, though the sale is not consummated.[1]

2. SAME—AMOUNT DUE—EVIDENCE.

In the absence of a special agreement, evidence that the broker was willing to accept a specified sum does not show that he was not entitled to the entire amount of brokerage.

Appeal from trial term.

---

[1] It is sufficient to entitle real-estate agents to their commission if a sale is effected through their agency as its procuring cause, although the sale may be made by the owners of the property. Plant v. Thompson, (Kan.) 22 Pac. Rep. 726. Or if they procure a valid executory contract of sale. Hodgkins v. Mead, 8 N. Y. Supp. 854; Kalley v. Baker, Id. 851. Or procure a purchaser, able, ready, and willing to buy at the agreed price, though the principal refuses to convey. Monroe v. Snow, (Ill.) 23 N. E. Rep. 401. But an agent who has the exclusive right to sell land within a given time cannot recover commissions where the principal himself effects the sale within the given time. Waterman v. Boltinghouse, (Cal.) 23 Pac. Rep. 195. In general, as to when a real-estate agent will be held to have earned his commissions, see Hannan v. Moran, (Mich.) 38 N. W. Rep. 909, and note; Goldstein v. Walter, 7 N. Y. Supp. 756, and note; Greenwood v. Burton, (Neb.) 44 N. W. Rep. 28; Scribner v. Hazeltine, (Mich.) Id. 618; Morrill v. Davis, (Neb.) 43 N. W. Rep. 1146.

Action by Patrick Donohue against John Flanagan to recover brokerage alleged to have been earned in procuring a purchaser for defendant's land. Verdict for plaintiff, and from the judgment thereon defendant appeals.

Argued before McAdam, C. J., and Ehrlich, J.

*Thornton, Earl & Kiendl,* for appellant.   *A. I. Sire,* for respondent.

Per Curiam. We regard the law as settled that a broker employed to find a purchaser for a piece of real estate earns his brokerage when he procures a person able and willing to purchase on the employer's terms. The broker procured such a person in this instance. The person so procured proved acceptable to the owner, and a written contract for the purchase and sale was duly executed by the parties. The broker could do no more, and consequently his duty ended. Why the contract so executed was not carried out was a matter that concerned only the parties to it; the one in the right having a complete remedy against the one at fault, which he may prosecute or not, as he pleases. The case was fairly submitted to the jury, who found for the plaintiff, and the evidence satisfactorily sustains their finding. The exceptions are without merit, as the testimony ruled out was entirely irrelevant and immaterial to the true issue in the case. The exceptions at folios 51 and 54 are without force. The fact that the plaintiff had expressed a willingness to take $50 for his services does not prove that he did not earn the entire brokerage. Besides, no special agreement to perform the services for $50 is pleaded.

For these reasons the judgment appealed from must be affirmed, with costs.