FREDERICK L. BURNHAM *vs.* WILLIAM L. UPTON.

Franklin.    September 19, 1899. — October 20, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Broker's Commission — Action.*

A broker does not earn his commission by bringing to his employer a person who
assumes to contract as owner, when in fact he is not owner, as the broker knows
and the employer does not know, and who within the few days allowed for per-
formance turns out unable to perform his contract and irresponsible.

CONTRACT, to recover a commission alleged to be due for
negotiating an exchange of the defendant's farm in Heath for
a parcel of real estate in Greenfield.   Trial in the Superior
Court, without a jury, before *Richardson*, J., who found for the
defendant; and the plaintiff alleged exceptions.   The facts
appear in the opinion.

*W. A. Davenport*, (*F. L. Greene* with him,) for the plaintiff.

*C. S. Chase*, for the defendant, submitted the case on a brief.

HOLMES, C. J.   This is an action by a broker to recover his
commission upon an exchange of land.   There is no question
that the defendant employed the plaintiff or that he made a
written agreement for an exchange which was procured by the
plaintiff, but it turned out that the other party to the exchange
did not own all the land which he agreed to convey, and was
not able to make a title at the appointed time.   There was
evidence that the defendant relied wholly on the plaintiff, and,
although this was contradicted, that the plaintiff told the de-
fendant that Corbin, the other party, owned the land to be
conveyed by him, and was all right in the way of pecuniary
responsibility.   It is certain that Corbin's agreement, which
was dated January 6, 1897, and was to be performed on or
before January 15, 1897, and which was drawn by the plain-
tiff, ran that Corbin " agrees to deed " the land which he was
to exchange.   This language on its face conveys the idea that
the title is to come from him.

The case was tried before a judge without a jury, and the
judge said: " I do not think that it is enough, in order to enable

the plaintiff to recover his commission, that the plaintiff found the person Corbin, who agreed to purchase the plaintiff's property, and procured the execution of the contract of January 6th, on which the defendant might have maintained an action against him for damages ; but it was, I think, and so rule, necessary for the plaintiff, under his agreement with the defendant, to procure one, a purchaser, who was at least able to perform his contract, or one who could be compelled to perform the contract specifically. That Corbin was such a person did not appear; the contrary rather appeared. The vacant lot which Corbin agreed in his contract to convey, then stood in the name of one Abbott, which the plaintiff then knew. Corbin's wife declined to sign the deed, and Corbin, if not then, soon after became financially irresponsible, and early in March, 1897, went into insolvency." The plaintiff excepted.

In view of the state of the evidence we do not regard this as an abstract, unqualified ruling that in all cases, in order to entitle a broker to his commission, the contract of sale or exchange must be one which could be enforced specifically; we construe it rather as a ruling on the specific facts which the judge expressly or probably found. We think that the judge only meant to say that a broker does not earn his commission by bringing a person to his employer who assumes to contract as owner, when in fact he is not owner, as the broker knows and the employer does not know, and who within the few days allowed for performance turns out unable to perform his contract and irresponsible. See *Butler* v. *Baker*, 17 R. I. 582; *Greusel* v. *Dean*, 98 Iowa, 405; 4 Am. & Eng. Encyc. of Law, (2d ed.) 972–975, *sub v.* " Brokers." We regard this proposition as correct, and as consistent with the well settled law that, in general, commissions are earned when a binding contract of sale is made. *Rice* v. *Mayo*, 107 Mass. 550. *Ward* v. *Cobb*, 148 Mass. 518, 521.

*Exceptions overruled.*