FRANCIS ROCHE *vs.* NELLIE A. SMITH.

Suffolk.    November 22, 1899. — October 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Agreement to exchange Land — Defective Title — Commission earned by Broker acting in Good Faith.*

If a broker is employed to find a person to convey land to be paid for by a conveyance of other land, that is to say, to effect an exchange, and the principal makes a valid agreement with the customer produced by the broker, the broker has earned his commission, even if it turns out that the customer cannot make a good title and the land is not conveyed, provided the broker acted in good faith in the matter.

LORING, J.    This case was submitted to the Superior Court on an agreed statement of facts; judgment was entered in that court for the defendant, and from that judgment an appeal was taken to this court.

It appears that the defendant, being the owner of certain land in Boston, "employed the plaintiff to exchange said property for any other suitable property." The plaintiff brought the matter to the attention of Michael F. Armstrong, who offered to exchange a specified piece of land owned by him

for the land of the defendant; Armstrong's land was accepted by the defendant as "suitable"; and through the efforts of the plaintiff a written agreement was made between the defendant and Armstrong, by which the defendant was to convey her land to him and he was to convey his land to her; it was stipulated that each lot of land was "to be conveyed within twenty days from this date by a good and sufficient warranty deed . . . conveying a good and clear title to the same free from all incumbrances except [in the case of Armstrong's land] taxes for 1897 and a mortgage for thirteen thousand dollars." On examining Armstrong's title the defendant discovered that, acting under ·St. 1891, c. 323, St. 1892, c. 418, and St. 1895, c. 449, the Board of Street Commissioners of the city of Boston had filed plans in the office of the city engineer of the city of Boston by which certain streets or ways were located over the land to be conveyed to her by Armstrong, in consequence of which he "was unable to convey his said property free from the operation and effect of any of the said doings of the Board of Street Commissioners, and by reason thereof the defendant refused to carry out said agreements." Thereupon the plaintiff brought this suit for his commission.

It is expressly stated that "the plaintiff had no knowledge of the . . . facts relative to the acts of the Board of Street Commissioners of the city of Boston" which are stated above; and that he "acted in good faith in all said negotiations."

It was held in *Knapp* v. *Wallace*, 41 N. Y. 477, where the broker was employed to find a person to convey land to be paid for in money, and in ·*Kalley* v. *Baker*, 132 N. Y. 1, where the broker was employed to find a person to convey land to be paid for by a conveyance of other land, that is to say, to effect an exchange, that, where the principal makes a valid agreement with the customer produced by the broker, the broker has earned his commission, even if it turns out that the customer cannot make a good title and the land is not conveyed, provided the broker acted in good faith in the matter. In the opinion of a majority of the court those cases were rightly decided. The question is the same in the two cases; the only difference is that in one case payment is to be made in money, in the other, by a conveyance of other land.

Where the broker is employed to get a customer to buy and pay for his principal's land, and it turns out that the customer is not able to pay for the land, it is settled that his inability to do so does not deprive the broker of his commission, provided the principal made a valid and binding agreement for the sale of the land with the customer produced by the broker. *Ward* v. *Cobb*, 148 Mass. 518. *Burnham* v. *Upton*, 174 Mass. 408, 409. The ground on which this is settled is that by entering into a valid contract with the customer produced by the broker the principal accepts the customer as able, ready, and willing to buy the land and pay for it. In such a case the decision would have to be the other way were it not that, by entering into the contract with him, the principal accepts the customer produced by the broker; what the broker is employed to do is to produce a customer who will buy and pay for his principal's land. *Fitzpatrick* v. *Gilson, ante,* 477. If it turns out that the customer produced by the broker is not able to pay and does not pay for the land, the broker has not performed his duty and has not earned his commission; and it is only because the principal accepts the customer by entering into a valid contract with him, that it is held in cases like *Ward* v. *Cobb* that the broker has earned his commission. *Coleman* v. *Meade,* 13 Bush, 358. *Donohue* v. *Flanagan,* 9 N. Y. Supp. 273. *Francis* v. *Baker,* 45 Minn. 83. *Wray* v. *Carpenter,* 16 Col. 271. *Lockwood* v. *Halsey,* 41 Kans. 166. *Springer* v. *Orr,* 82 Ill. App. 558.

The law is settled in other jurisdictions in accordance with *Ward* v. *Cobb,* 148 Mass. 518. See *Francis* v. *Baker,* 45 Minn. 83; *Wray* v. *Carpenter,* 16 Col. 271; *Love* v. *Miller,* 53 Ind. 294; and generally that a broker makes out a case for a commission earned by proving a contract made. See *Cook* v. *Fiske,* 12 Gray, 491; *Rice* v. *Mayo,* 107 Mass. 550; *Keys* v. *Johnson,* 68 Penn. St. 42; *Veazie* v. *Parker,* 72 Maine, 443; *Conkling* v. *Krakauer,* 70 Tex. 735, 739.

The same rule obtains when the principal wants to buy in place of wanting to sell. Where the principal wants to buy one hundred bushels of wheat at a price named by him, and employs a broker to get him the wheat at that price, the broker earns his commission when he produces a customer and his principal makes a valid, binding agreement with the customer

for the wheat; and the broker's right to his commission is not affected by the inability or refusal of the customer to deliver the wheat. In such a case the broker has not produced a customer able to supply his principal with the wheat and would not have earned his commission had it not been that his principal by contracting with the customer had accepted him. In such a case the principal has a right to full compensation for the loss of his bargain by recovering damages for breach of the contract, and in the event which has happened the commission paid the broker is paid for that.

The rule is the same when the broker is employed to get for his principal a certain piece of land. If through the broker's efforts a binding contract is made between his principal and the owner of the land, the broker has earned his commission, and his right to it is not affected by the fact, if it turns out to be the fact, that the owner, the broker's customer, cannot make a good title. The principal has his remedy by recovering full damages for the loss of his bargain in an action at law on the contract, and in the event which then happens, it is for that, which the commission is paid.

We have no doubt that in this Commonwealth a party has a right to recover full damages for the loss of his bargain under a contract for the exchange or purchase of land where it turns out that the party who agreed to convey the land has not a good title. *Old Colony Railroad* v. *Evans,* 6 Gray, 25, 33. *Brigham* v. *Evans,* 113 Mass. 538. The rule which obtains in England and some other jurisdictions never has obtained here.

When a broker employed to procure a person to convey land to his principal, by way of sale or exchange, in good faith produces a customer as a person ready, able, and willing to do so, the principal has three courses of action open to him: (1) he may examine the title of the customer, and accept him or not accept him on learning the result of the examination; (2) he may enter into a contract with him, in which it is provided that his title shall be examined, and if it turns out that his title is not good the contract is at an end; or (3) he may enter into a binding contract with him for the conveyance of the land. In case he takes the third course of action he is given full compensation in damages for the loss of his bargain, if the

customer fails to fulfil his contract by conveying the land. Since the principal gets full compensation for the loss of his bargain in that event, there is no escape from holding that the broker has earned his commission when his efforts have resulted in the making of a valid contract. It does not lie in the mouth of a principal to say that the broker's commission has not been earned, when he has secured through the broker's efforts the land he wished, or full compensation for the loss of it. He cannot retain the right to this compensation and not pay for the broker's services in obtaining it for him.

When the broker knows that the customer produced by him has not a title, and omits to tell his principal of that fact, he has not acted in good faith, and has not earned his commission. *Burnham* v. *Upton*, 174 Mass. 408. *Butler* v. *Baker*, 17 R. I. 582.

It is stipulated in the agreed facts that if the plaintiff is entitled to recover, the amount to which he is entitled is $800. The entry must be

> *Judgment for the plaintiff for $800, with interest from the date of the writ.*

*A. E. Burr*, for the plaintiff.

*G. R. Blinn*, for the defendant.