Edmund S. McCarthy *vs.* David T. Reid & another.

Suffolk.   November 9, 1920. — January 25, 1921.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Broker*, Commission. *Agency*, Broker's commission.

If the owner of certain real estate employs a real estate broker to procure a person to exchange real estate with him and the agent procures one who, by false representations as to material facts, the falsity of which the broker's principal did not know and was not bound to know, induces the broker's principal to make with him an agreement in writing for an exchange and, before the time set for passing papers, the broker's principal, learning of the falsity of the representations, repudiates the agreement, the broker cannot recover a commission from his principal, even if he acted in good faith and was not a party to the fraud.

Contract for a commission alleged to be owed to the plaintiff as a real estate broker. Writ in the Municipal Court of the City of Boston dated February 11, 1920.

Material facts found by the judge of the Municipal Court are described in the opinion. The judge found for the defendants and, at the request of the plaintiff, reported the case to the Appellate Division, who vacated the finding for the defendants and ordered judgment for the plaintiff in the sum of $125; and the defendants appealed.

The case was submitted on briefs.

*J. F. Sullivan & W. J. Gaffney*, for the defendants.

*H. E. Perkins*, for the plaintiff.

Crosby, J. This is an action to recover a broker's commission upon an exchange of real estate. The trial judge made the following findings: "The defendants employed the plaintiff to procure a person to exchange real estate with them. The plaintiff procured one O'Brien with whom the defendants made a written agreement to exchange, induced thereto by a false representation by O'Brien of the amount of rents received by him

from his real estate. Before the time set for passing papers the defendants learned of the misrepresentation and refused to carry out the agreement. The plaintiff acted in good faith and was not a party to the fraud." On these findings the trial judge ruled that the plaintiff was not entitled to recover.

It is settled that when a broker has procured a customer who is able, ready and willing to buy, sell or exchange land on terms stated by the broker's principal, the broker is entitled to his commission although no contract was actually made because the principal repudiated his offer afterwards. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. And that where a broker is employed to buy or exchange land for other land, and the customer is unable or unwilling to pay for the land or to make the exchange, the broker is entitled to his commission if the principal made a valid and binding agreement for such sale or exchange with the customer procured by the broker. In such a case the principal is held to have accepted the customer as able, ready and willing to buy and pay for the land or to make the exchange as agreed by the parties. *Burnham* v. *Upton*, 174 Mass. 408. *Roche* v. *Smith*, 176 Mass. 595. In the case last cited it was held that, where a broker is employed to find a customer to effect an exchange of land with the principal and the latter makes a valid agreement with such customer, the broker is entitled to his commission, provided he acted in good faith in the transaction, even if the customer is unable to convey a clear title and the land is not conveyed.

The cases above referred to are not decisive of the question we have to decide. The plaintiff procured a customer who induced the defendants by false representations to enter into an agreement for the exchange of lands, which the defendants repudiated and refused to carry out when they learned of the fraud. The false representation respecting the amount of rents received by O'Brien from his real estate was a representation of a material fact. It could not be said as matter of law that the defendants were bound to investigate the truth of the representations. *Holst* v. *Stewart*, 161 Mass. 516, 522. *Brady* v. *Finn*, 162 Mass. 260, 266. When the defendants learned of the fraud which had been practised upon them by O'Brien and refused to carry out the agreement, the situation of the parties was the same as if it never

had been made. Although the plaintiff acted in good faith and was not a party to the fraud, he is not entitled to a commission as he failed to accomplish what he was employed to do; he did not procure a customer who was able, ready and willing to exchange his property for that of the defendants on terms acceptable to the latter. *Clark* v. *Bonner*, 217 Mass. 201. *Woods* v. *Matthews*, 224 Mass. 577. *Bruce* v. *Meserve*, 228 Mass. 463, 465, 466. The plaintiff cannot recover on the ground that he produced a customer to exchange property with the defendants because the latter and O'Brien did not make any valid and binding agreement for such exchange; the agreement entered into having been procured by the fraud of O'Brien could have been and was repudiated by the defendants.

The decision in *Roche* v. *Smith, supra,* is not at variance with the conclusion which we have reached. In that case the defendant, in entering into the contract with the customer produced by the plaintiff, was not induced to do so by reason of false and fraudulent representations. So far as *Deweese* v. *Brown*, 55 Col. 430, is not in accord with our views, we cannot follow it.

*Order of judgment for the plaintiff reversed.*
*Judgment for the defendants.*