No. 923 Southern Norfolk, ss.

INCH (Newman & Newman)
 v. SHEA (Colbert & Cotter)

From the district Court of Northern Norfolk—Murray, J.

Argued May 8, 1941—Opinion Filed June 17, 1941

BRIGGS, J. (Sanborn, P.J., & Estes, J.)—This is an action of contract in which the plaintiff seeks to recover for his services as a real estate broker. The trial court found for the plaintiff, and denied all of the requests for rulings of law filed by the defendant.

The court made special findings of fact, in part that the plaintiff, a real estate broker, was employed by the defendant to secure a customer for the purchase of the real estate in question and after some discussion prepared an agreement by which the defendant agreed to sell and his customer to purchase certain real estate on or before October 1, 1940, for $3,650, the said agreement providing that "if the buyer is unable to obtain at least a $3,000 first mortgage, the deposit will be refunded and all obligations will cease."

The court further found that on October 1, the date set forth for the conveyance under the agreement, the purchaser had not secured the mortgage and was not financially able to complete the purchase of the premises under the terms of the agreement. The deposit was refunded. The plaintiff was not a party to the agreement.

No bad faith on the part of any of the parties was shown.

The sole question presented is whether, under the terms of his employment, the plaintiff had earned and was entitled to a commission as broker upon the execution of the agreement by the parties.

The court in the instant case found, on all the evidence, that the plaintiff secured a valid contract of sale to a customer who was accepted by the defendant, and that under the terms

[ 133 ]

of the agreement entered into between them the plaintiff was entitled to his commission on the signing of the agreement.

It was a question of fact whether the employment of the plaintiff was to find a purchaser who was acceptable to the owner on the terms prescribed by him, or actually to bring about a sale of the land. Whether or not the terms of the employment had been fulfilled by the plaintiff was a question of fact, and it is immaterial whether the agreement made by the defendant and the prospective customer was enforceable by the defendant. *Lord* v. *Williams,* 259 Mass. 278.

Where a broker is employed to get a customer to buy and pay for his principal's land, and it turns out that the customer is not able to pay for the land, it is settled that his inability to do so does not deprive the broker of his commission, provided the principal made a valid and binding agreement for the sale of the land with the customer produced by the broker.

The ground on which this is settled is that by entering into a valid contract with the customer produced by the broker the principal accepts the customer as able, ready and willing to buy the land and pay for it.

If a customer produced by the broker is not able to pay and does not pay for the land, the broker has not performed his duty and has not earned his commission; and it is only because the principal accepts the customer by entering into a valid contract with him that it has been held in cases like *Ward* v. *Cobb,* 148 Mass. 518, that the broker has earned his commission, and generally a broker makes out a case for a commission by proving a contract made. See *Cook* v. *Fiske,* 12 Gray 491 (other cases cited).

In view of the finding by the trial court that the customer was accepted by the defendant and that the terms of the agreement between the broker and the defendant had been fulfilled the requested rulings became immaterial and we find no error in law.

The order will be: Report dismissed.