No. 464634

**NATHAN FINKEL**

v.

**ESTHER WEINER**

(October 3 — November 25, 1958)

*Present:* Gillen, J., (Presiding), Barron and Roberts, JJ.

Case tried to *Riley, J.*

*Gillen, J.* This is an action of contract in which the plaintiff seeks to recover on a declaration in two counts.

Count No. 1 alleges that the plaintiff, a real estate broker, was employed by the defendant to negotiate a sale of defendant's house at 17 Mattapan Street, Boston, for the price of $16,250.00 and that he obtained a

purchaser for same upon the terms mentioned, and that defendant owes plaintiff $500.00 and interest. Count No. 2 alleges that defendant owes plaintiff $500.00 on an account annexed for services rendered for procuring a customer for defendant for her house at 17 Mattapan Street, Dorchester, together with interest.

*At the trial there was evidence tending to show that* the plaintiff was a real estate broker; that the defendant told him that she wanted to sell her property at 17 Mattapan Street, Mattapan; that the defendant told the plaintiff that she would pay him a broker's commission of $500.00, if he would obtain a customer for $16,250.00; that the plaintiff obtained two women as customers, Marcia Orloff and Minnie Hurwitz; that the parties signed an agreement for the sale of said property in the amount of $16,250.00; that at that time the customers paid $500.00 to the defendant as a deposit; that the defendant signed the agreement by a mark after her adult son read said agreement to her (as she could not read or write) ; that the customers never took title to said property; that the plaintiff demanded the defendant to pay him the commission of $500.00 but she refused; that said real estate agreement was introduced in evidence at the trial; that the plaintiff obtained for his customers from a bank a mortgage in an amount that was greater than called for by the agreement; that the defendant sold the property at a later date through another broker to whom she paid a commission.

At the close of the trial and before final arguments the defendant made the following requests for rulings of law. They are set forth with the action of the trial judge thereon.

1. The evidence is insufficient to warrant a finding for the plaintiff. *Denied.*

2. In order for this plaintiff to recover he must prove that the buyers he produced were ready and able to buy the property of the defendant. *Granted.*

3. If the prospective purchasers which the plaintiff obtained to buy the house of the defendant actually refused or failed to purchase the house, there must be a finding for the defendant. *Denied.*

4. The mere fact that a broker obtains a prospective customer to sign an agreement and to pay a deposit is not sufficient to qualify or entitle him to a fee as a broker, if said prospective customer of plaintiff fails or refuses to purchase. *Denied.*

5. A real estate broker is not entitled to recover a fee unless he obtains for the seller a customer who is ready, able and willing to purchase the property, on the terms and conditions of the seller. *Granted.*

The trial judge made the following "Finding of Fact". "I find as a fact that the plaintiff procured a customer, willing, able and ready to purchase on the terms proposed by the defendant."

The trial judge found for the plaintiff.

The defendant claims to have been aggrieved by the denial of her requests for rulings 1, 3 and 4.

In *Menton v. Melvin,* 330 Mass. 355, the court held that where "the plaintiff was employed to find a customer ready, able and willing to purchase on the defendant's terms,

he earned his commission by producing customers whom (the defendant) accepted. His rights were fixed by the execution of the sale agreement and were not affected by the actual inability of the buyers to perform".

In the instant case the trial judge found the plaintiff procured a customer willing, able and ready to purchase on the terms proposed by the defendant. The evidence supported this finding. The trial judge could have found on the evidence that a mortgage was arranged in an amount greater than what the agreement of sale called for.

It was urged that the commission was not earned until the actual transfer of title. With this we do not agree. The relative clause in this agreement read as follows: "— a broker's commission of $500.00 on said sale is to be paid Nathan Finkel by the said party of the first part."

In *Rice v. Mayo,* 107 Mass. 550, it was held "A written contract for the purchase of an estate, binding both the vendor and purchaser, is a sale within the meaning of an agreement to pay a commission to a broker upon sale of the estate." *Roche v. Smith,* 176 Mass. 595, 597; *Walker v. Russell,* 240 Mass. 386, 390; cf. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

The plaintiff was hired to obtain a customer ready, willing and able to buy on the terms proposed by the defendant. He complied with the terms laid down and the trial judge so found. The plaintiff thusly earned his commission and when the customers entered into

said written agreement with the defendant, she acknowledged the plaintiff had performed all that was required of him. *Roche v. Smith,* 176 Mass. 595.

*Report dismissed.*

Abraham Wasserman of Boston, for the Plaintiff.
Max Marks of Boston, for the Defendant.